**John W. LATIMER, Jr., et al., Petitioners,**

**v.**

**The JOINT COMMITTEE ON LANDMARKS OF the NATIONAL CAPITAL, Respondent.**

**No. 8471.**

District of Columbia Court of Appeals.

Argued Feb. 25, 1975.

Decided Sept. 30, 1975.

Whayne S. Quin, with whom Norman M. Glasgow and John F. McCabe, Jr., Washington, D. C., were on the brief, for petitioners.

Daniel H. Shear, Washington, D. C., of the bar of the State of Maryland, pro hac vice, by special leave of court, and Terrence M. O'Connor, Buffalo, N. Y., for respondent.

David P. Sutton, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, Richard W. Barton and Leo N. Gorman, Asst. Corp. Counsel, were on the brief, for District of Columbia as amicus curiae.

Before KELLY and FICKLING, Associate Judges, and BELSON, Associate Judge, Superior Court of the District of Columbia.*

FICKLING, Associate Judge:

Petitioners seek review [1] in this court of several decisions of the Joint Committee on Landmarks of the National Capital (hereinafter, the Joint Committee). The Joint Committee voted to extend the boundaries of the Massachusetts Avenue Historic District and to recommend this historic district for inclusion in the National Register of Historic Places. Petitioners contend that the Joint Committee failed to comply with the Administrative Procedure Act [2] in the above actions. We hold that the Joint Committee is not an agency of the District of Columbia. Therefore, we lack jurisdiction to entertain a petition for review under the District of Columbia Administrative Procedure Act.

The Joint Committee was first formed in 1964 under the joint sponsorship of two federal agencies, the National Capital Planning Commission [3] and the Commission of Fine Arts.[4] In 1968 the District of Columbia designated the Joint Committee as its professional review body in order to qualify for participation in the federal historic preservation program instituted under the National Historic Preservation Act of 1966.[5] Thereafter, the District of Columbia formally became a sponsor of the Joint Committee. The Joint Committee, as presently constituted, facilitates intergovernmental cooperation in the field of historic preservation.[6]

On November 27, 1973, the Joint Committee renamed a previously designated historic district [7] the Massachusetts Avenue Historic District and extended its boundaries to Observatory Circle on the northwest and to 17th Street on the southeast.[8] This southeasterly extension

---

* Sitting by designation pursuant to D.C.Code 1973, § 11–707(a).

1. D.C.Code 1973, §§ 1–1510, 11–722.

2. D.C.Code 1973, § 1–1501 *et seq.*

3. The National Capital Planning Commission is the central federal planning agency for the federal government in the National Capital. 40 U.S.C. § 71a (Supp. III, 1973).

4. The Commission of Fine Arts is the federal agency created to advise Congress and the President upon the location and selection of public monuments in the District of Columbia and other such artistic questions. 40 U.S.C. § 104 (1970).

5. 16 U.S.C. § 470 *et seq.* (1970). Under the National Historic Preservation Act of 1966, the Secretary of the Interior is authorized to expand and maintain a National Register of Historic Places; grant funds to states (including the District of Columbia) for the preparation of statewide historic surveys and preservation plans; and to provide matching grants-in-aid for state preservation projects.

Regulations promulgated pursuant to the Act of 1966 provide that in order to be eligible for grant assistance, a state must designate a State Historic Preservation Officer. This officer is responsible for administering the program in his state.

The regulations further require each state participating in the historic preservation program to establish or designate a separate professional review body whose duty it is to provide review and approval of state implementation of the Act of 1966.

The Joint Committee serves as the professional review body for the District of Columbia.

6. See note 16 *infra.*

7. That section of Massachusetts Avenue known as "Embassy Row" has received considerable attention from the Joint Committee over the years. On November 8, 1964, all properties fronting on Massachusetts Avenue from Dupont Circle to Rock Creek Park were designated an historic landmark and named the Sheridan Circle Area. In 1968, the Joint Committee renamed this area the Sheridan Circle and Massachusetts Avenue Area and recommended its nomination to the National Register.

8. Memorandum of Actions Taken at Meeting of Joint Committee on Landmarks on November 27, 1973, at 2.

brought petitioners' properties within the boundaries of the historic district.

On May 28, 1974, the Joint Committee held a special meeting to consider recommending the nomination of the Massachusetts Avenue Historic District to the National Register of Historic Places. After hearing testimony from petitioners and other property owners concerning the adverse effects of the proposed action,[9] the Joint Committee voted to recommend the nomination.[10]

Subsequently, the Joint Committee's recommendation was forwarded to the Historic Preservation Officer of the District of Columbia who, in turn, formally nominated the historic district for inclusion in the National Register on October 10, 1974. The Department of Interior approved the nomination on October 23, 1974.

Petitioners now seek review by this court of the actions taken by the Joint Committee on November 27, 1973, and May 28, 1974. Petitioners contend that these actions should be set aside since the Joint Committee contravened the requirements of the Administrative Procedure Act and procedural due process.[11] We do not reach the substantive issues raised by petitioners since we conclude that this court does not have jurisdiction to review actions of the Joint Committee.

■ Petitioners predicate their right to judicial review in this court upon D.C. Code 1973, §§ 1–1510 and 11–722. We would note that both these sections were designed to vest in this court review jurisdiction over all *District* agencies. D.C. Code 1973, § 1–1510, provides in pertinent part:

> Any person suffering a legal wrong, or adversely affected or aggrieved, by an order or decision of . . . an agency in a contested case, is entitled to a judicial review thereof . . . upon filing in the District of Columbia Court of Appeals a written petition for review.

The term "agency" in the above statute includes only subordinate and independent agencies of the District of Columbia.[12] D.C.Code 1973, § 11–722, provides in pertinent part:

> The District of Columbia Court of Appeals has jurisdiction . . . to review orders and decisions of . . . any agency *of the District of Columbia* . . . in accordance with the District of Columbia Administrative Procedure Act (D.C.Code, secs. 1–1501—1–1510) . . . . [Emphasis added.]

Therefore, by virtue of these two statutes, this court has jurisdiction to review administrative decisions or orders *only* if they emanate from agencies of the District of Columbia.[13]

9. Petitioners contend that they would suffer irreparable harm if the historic district were placed on the National Register since such action would (a) subject their properties to the "delay in demolition" provisions of D.C. Reg. 73–25, Dec. 14, 1973, (b) deter institutional lenders from funding new construction, and (c) subject their properties to federal acquisition and condemnation.

10. Minutes—Public Hearing—Joint Committee on Landmarks of the National Capital—May 28, 1974.

11. Petitioners contend, *inter alia*, that the Joint Committee erred in (a) failing to give notice of its meetings, (b) depriving them of their right of cross-examination and presentation of evidence, (c) failing to issue written decisions including findings of fact and conclusions of law, and (d) operating without the benefit of procedural or substantive regulatory guidelines.

12. D.C.Code 1973, § 1–1502(3), (4), and (5).

13. At Senate hearings on the proposed Administrative Procedure Act, Mr. Alfred K. Scan-

We conclude that the Joint Committee is not an agency of the District of Columbia. It is clear from the legislative history that Congress did not intend the Administrative Procedure Act to apply to intergovernmental agencies such as the Joint Committee. Mr. Alfred K. Scanlan, one of the principal drafters of the APA, testified at Senate hearings on the proposed bill:

> [T]his bill was to cover only agencies of the District of Columbia, and not metropolitan agencies.
>
> * * * * * *
>
> It was not intended to cover agencies—joint agencies—but only agencies within the framework of the District of Columbia government.[14]

Two of the three sponsors of the Joint Committee are federal agencies,[15] and, consistent with this composition, many of its functions are of a federal nature.[16]

Accordingly, this court has no jurisdiction for direct review of decisions of the Joint Committee and the petition for review is

*Dismissed.*[17]

---

lan of the District of Columbia Bar Association stated:
> The proposed legislation would be applicable to administrative agencies of the District of Columbia and the laws which they administer. [*Hearings on S. 1379 and H.R. 7417 Before the Subcomm. on the Judiciary of the Senate Comm. on the District of Columbia*, 90th Cong., 2d Sess. 74 (1968).]

14. *Hearings on S. 1379 and H.R. 7417, supra* note 13, at 83.

15. See notes 3 and 4 *supra.*

16. The functions of the Joint Committee include:
> a. Compile and maintain a current inventory of significant landmarks in the District of Columbia and on Federal property in the remainder of the National Capital Region and, in connection therewith, adopt and publish appropriate procedures.

---

> b. Serve as the District of Columbia's professional review committee to review all nominations to the National Register, and, in connection therewith, adopt and publish appropriate procedures.
> c. Advise the Sponsoring Agencies on Federal and District of Columbia projects which may affect designated landmarks.
> d. Advise the state liaison officer of the effect of undertakings carried out, licensed or financially assisted by the Federal Government where the undertaking may affect a property listed in the National Register.
> e. Recommend to the Sponsoring Agencies programs for the preservation of designated landmarks. [Joint Committee on Landmarks of the National Capital, Statement of Functions and Membership (1974).]

17. Petitioners are not without a forum since a court of original jurisdiction would be open to them.