**A & G LIMITED PARTNERSHIP,**
Petitioner,

v.

**JOINT COMMITTEE ON LANDMARKS OF the NATIONAL CAPITAL,**
Respondent.

No. 80-1.

District of Columbia Court of Appeals.

Argued Jan. 6, 1981.

Reargued March 1, 1982.*

Decided July 28, 1982.

Michael A. Cain and J. Kirkwood White, Silver Spring, Md., with whom Beth Irons French, Silver Spring, Md., was on the briefs, for petitioner.

* *Associate Judge* HARRIS was a member of the original panel that heard this appeal. Upon his retirement on February 5, 1982, *Associate Judge* KERN was assigned to replace Judge Harris after his name was drawn in the usual manner of assignment. Accordingly, the case was reargued on March 1, 1982.

---

Kathleen K. McKay, Asst. Gen. Counsel, National Capital Planning Commission, Washington, D. C., for respondent.

Louis P. Robbins, Washington, D. C., with whom Norman M. Glasgow and Whayne S. Quin, Washington, D. C., were on the amici curiae briefs filed on behalf of Calvary Baptist Church, et al.

Judith W. Rogers, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Richard B. Nettler, Washington, D. C., Asst. Corp. Counsel, were on the amicus curiae briefs filed on behalf of the District of Columbia.

Before NEWMAN, Chief Judge, and KERN and FERREN, Associate Judges.

KERN, Associate Judge:

Pursuant to the District of Columbia Administrative Procedure Act (D.C. APA),[1] petitioner seeks review of the decision of the Joint Committee on Landmarks of the National Capital to designate the Demonet Building, located at the intersection of Connecticut Avenue, Rhode Island Avenue, and M Street, N.W., as a historic landmark. Petitioner, the 99-year lessee of the building, challenges the Joint Committee's action on a number of grounds.[2] We decline to reach the merits of petitioner's claims, because we lack jurisdiction under the D.C. APA to review decisions of the Joint Committee inasmuch as it is not a District

of Columbia agency and our review is limited by Congress to decisions by the Mayor or a District agency.[3]

Accordingly, we dismiss the petition.

I

The threshold issue in this case is whether under the D.C. APA we have review jurisdiction of the Joint Committee's determination. The Joint Committee is an inter-governmental agency under the sponsorship of the Mayor of the District of Columbia and the two federal agencies, the Commission of Fine Arts and the National Capital Planning Commission.[4] In 1968, the Commissioner of the District of Columbia, the National Capital Planning Commission and the Commission of Fine Arts signed an executive agreement authorizing the Joint Committee to act as the State Review Board of the District of Columbia in order for the District to "qualify for participation in the federal historic preservation program instituted under the National Historical Preservation Act of 1966." *Latimer v. Joint Committee on Landmarks of the National Capital*, D.C.App., 345 A.2d 484, 485 (1975) (footnote omitted). That executive agreement was reestablished by the Commissioner in 1972 and 1974 and by the Mayor in 1978 and 1980.

Based on the hybrid nature of the Committee, we held in *Latimer*, that the Joint

---

1. D.C.Code 1981, §§ 1–1501 *et seq.*

2. Petitioner asserts that (1) the Joint Committee did not provide adequate notice of the designation hearing, (2) the agency's refusal to postpone the hearing was arbitrary, capricious, and an abuse of discretion, (3) the agency violated the District of Columbia Administrative Procedure Act and the due process clause by failing to provide adequate procedural safeguards, (4) the District of Columbia Historic Landmark and Historic District Protection Act, D.C.Code 1981, §§ 5–1001 *et seq.*, is void for vagueness because it lacks standards governing the designation of historic landmarks, and (5) the statute constitutes an unlawful delegation of legislative power.

3. D.C.Code 1981, § 1–1510(a).

4. The National Capital Planning Commission is a central federal planning agency for the federal government in the National Capital. D.C.

Code 1981, § 1–2002(a)(1). The members of the Commission are: ex officio, the Secretary of the Interior, the Secretary of Defense, the Administrator of the General Services Administration, the Mayor, the Chairman of the Council of the District of Columbia, and the Chairmen of the Committees on the District of Columbia of the Senate and the House of Representatives. The Commission also includes five citizens, three of whom are appointed by the President and two of whom are appointed by the Mayor. *Id.*, § 1–2002(b). Under the District of Columbia Self-Government and Governmental Reorganization Act, *id.*, §§ 1–201 *et seq.*, the Mayor and the Council of the District of Columbia took over the functions formerly performed by the Office of the Commissioner of the District of Columbia and the District of Columbia Council. *See id.*, §§ 1–201, –2002.

Committee is *not* an agency of the District of Columbia and, consequently, that we were without jurisdiction to entertain that petition for review of a historic designation decision. *Id.* at 487. Subsequent to *Latimer*, the District of Columbia Historic Landmark and Historic District Protection Act was passed. D.C.Code 1981, §§ 5–1001 *et seq.* The statute authorizes the Mayor to establish a Historic Preservation Review Board of the District of Columbia with the power to designate historic landmarks and districts in the District of Columbia. Under § 5–1003, the Joint Committee, as the body which functioned as the District of Columbia State Review Board at the time of the Act's passage, is authorized to act as the local Historic Preservation Review Board until such time as the Mayor establishes a Board and nominates its members (to be confirmed by the Council of the District of Columbia).

Petitioner argues that we have jurisdiction to review the Joint Committee's determination, contending that the new statute's enactment necessitates a result different from that reached in *Latimer.* Petitioner claims that when the Joint Committee acts pursuant to statute as the local Historic Preservation Review Board in designating a building for addition to the District's inventory of historic sites, it acts as a District of Columbia agency, subject to the D.C. APA. Petitioner contends, therefore, that since the Joint Committee is acting as a District agency, its decisions should be reviewable by this court. Local effects of a non-District body, however, do not transform that body into a District of Columbia agency. Certainly, the Joint Committee had those same local effects at the time we ruled in *Latimer* that the Joint Committee is not a District of Columbia agency subject to the D.C. APA. Therefore, unless we are prepar-

ed en banc to overrule *Latimer*, that decision governs the instant petition.

Amici curiae Calvary Baptist Church, *et al.*, argue that we have jurisdiction to review the Joint Committee's decision because the Joint Committee is an "interim body" functioning pursuant to D.C.Law 2–144, codified as D.C.Code 1981, § 5–1003, rather than pursuant to the authority of the executive agreement between the District of Columbia and the Joint Committee. The District, however, has reestablished the same executive agreement with the Joint Committee since the passage of D.C.Law 2–144.

Moreover, a determination of whether the Joint Committee is functioning pursuant to D.C.Law 2–144 or the executive agreement is not dispositive of the issue before us, *i.e.*, whether the Joint Committee is a District of Columbia agency. The composition and the functions of the Joint Committee have not changed. The holding in *Latimer* that we lacked jurisdiction for direct review of the decisions of the Committee turned on our finding that "[t]wo of the three sponsors of the Joint Committee are federal agencies, and, consistent with this composition, many of its functions are of a federal nature." 345 A.2d at 487 (footnotes omitted).

We emphasize that the Joint Committee continues to serve both a federal and a local function when designating landmarks and making recommendations for nominations to the National Register of Historic Places. Thus, the Committee is not an agency of the District of Columbia.[5] Until such time as the Mayor appoints a local Historic Preservation Review Board, we remain without jurisdiction under the D.C. APA to review decisions of the Joint Committee.[6]

---

**5.** Petitioner correctly named the Joint Committee as the respondent, just as the Joint Committee was the respondent in *Latimer.* As would be expected, the Joint Committee is represented in this case by the Assistant General Counsel of the National Capital Planning Commission, rather than by the Corporation Counsel as would be true when a respondent is a District of Columbia agency. It was only in the

later stages of this litigation that the District of Columbia filed an amicus curiae brief.

**6.** As we noted in *Latimer*, petitioner is "not without a forum since a court of original jurisdiction would be open to [it]." 345 A.2d at 487 n.17. Under D.C.Code 1981, § 11–921, the Superior Court has jurisdiction "of any civil action or other matter (at law or in equity) brought in the District of Columbia" provided

Accordingly, we must dismiss the petition.

*Dismissed.*

that exclusive jurisdiction is not vested in the federal courts. The parties agree that the federal courts do not have exclusive jurisdiction to

hear these appeals. Thus, the Joint Committee's decision is reviewable in the Superior Court.