**KiSKA CONSTRUCTION CORPORA-TION–U.S.A. and Kajima Engineering and Construction, Inc., Appellees,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Appellant.**

No. 98–7091.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 19, 1999.

Decided Feb. 19, 1999.

---

Bruce P. Heppen argued the cause for appellant. With him on the briefs were Robert L. Polk and Robert J. Kniaz. Gerard J. Stief entered an appearance.

Geoffrey T. Keating argued the cause for appellees. With him on the brief was Kurt J. Hamrock.

Before: EDWARDS, Chief Judge, WILLIAMS, Circuit Judge and BUCKLEY, Senior Circuit Judge.

Opinion for the Court filed by Chief Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Chief Judge:

KiSKA Construction Corporation–U.S.A. and Kajima Engineering and Construction Incorporated ("KiSKA–Kajima") seek the release of certain Washington Metropolitan Area Transit Authority ("WMATA") documents pursuant to the District of Columbia Freedom of Information Act ("DC–FOIA"), D.C.CODE ANN. §§ 1–1521 to 1–1529 (1981 & Supp.1998). The District Court denied WMATA's motion to dismiss the complaint. On appeal, WMATA argues that it is immune from the requirements of the DC–FOIA under interstate compact law and the WMATA Compact. It also argues that it is not subject to the DC–FOIA because it is not an "agency" within the meaning of the DC–FOIA. We decline to decide whether WMATA is immune from the requirements of the DC–FOIA. Instead, exercising our pendent appellate jurisdiction, we find that, under District of Columbia case law, WMATA is not subject to the DC–FOIA, because it is not an "agency" within the meaning of the DC–FOIA. Accordingly, we reverse the judgment of the District Court and dismiss this action with prejudice.

## I. BACKGROUND

On November 6, 1966, Virginia, Maryland, and the District of Columbia created WMATA, by interstate compact, to plan, finance, develop, and operate a mass transit system to serve the Washington, D.C. metropolitan area. *See* D.C.CODE ANN. § 1–2431 (1981 & Supp.1998) ("WMATA Compact"). Congress consented to the WMATA Compact pursuant to article I, § 10 of the Constitution, so the Compact has been transformed into federal law under the compact clause. *See Morris v. WMATA*, 781 F.2d 218, 220 (D.C.Cir.1986) (citing *Cuyler v. Adams*, 449 U.S. 433, 438, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981)).

KiSKA Construction Corporation–U.S.A. and Kajima Engineering and Construction Incorporated formed a joint venture to bid on construction work for WMATA's Metro subway system. On February 24, 1994, WMATA awarded Contract 1E0023 to KiSKA–Kajima for the construction of two subway tunnels in the District of Columbia. In February and March 1996, pursuant to the DC–FOIA, KiSKA–Kajima requested access to WMATA documents concerning WMATA's design and development of specifications for the contract it was awarded. WMATA, however, rejected each of KiSKA–

Kajima's requests on the basis that WMATA is not subject to the DC–FOIA. *See* Letter from Nuria I. Fernandez, Assistant General Manager of Design and Construction, WMATA, to Gregory M. Hauser, Project Manager, KiSKA–Kajima Joint Venture (Mar. 4, 1996), *reprinted in* Joint Appendix ("J.A.") 29; Letter from Carol B. O'Keeffe, Acting General Counsel, WMATA, to Stephen Price, KiSKA–Kajima Joint Venture (Apr. 29, 1996), *reprinted in* J.A. 37–38.

On March 21, 1996, KiSKA–Kajima petitioned the Secretary of the District of Columbia to review WMATA's denial of the documents. *See* Letter from Hauser to Kathleen Arnold, Interim Secretary of the District of Columbia (Mar. 21, 1996), *reprinted in* J.A. 31–33; *see also* D.C.CODE ANN. § 1–1527(a) (1981) (anyone denied a public record may petition the Mayor to review why the record is being withheld); District of Columbia Mayor's Order 95–26, January 27, 1995 (delegating Mayor's authority under § 1–1527 to the Secretary of the District of Columbia). The Secretary found that "the District, as one of the three signatories to the compact, may not unilaterally subject WMATA to [DC–FOIA] since adherence to [DC–FOIA's] disclosure policy is not a condition of the compact." *See Kiska–Kajima Joint Venture v. WMATA,* FOIA Appeal No. 96–10 at 2 (May 15, 1996) (order of Interim Secretary of the District of Columbia), *reprinted in* J.A. 40. Accordingly, the Secretary dismissed the petition, reasoning that, because WMATA was not subject to the DC–FOIA, the Mayor was without jurisdiction to review WMATA's decisions. *See id.*

On July 29, 1996, KiSKA–Kajima filed suit in the Superior Court for the District of Columbia, seeking an order to enjoin WMATA from refusing to produce the documents and to compel WMATA to make the documents available for inspection and copying. Shortly thereafter, WMATA removed the case to the District Court. WMATA then filed a motion to dismiss on August 15, 1996. On June 6, 1997, the District Court granted WMATA's motion to dismiss after finding that KiSKA–Kajima was not permitted to sue as a joint venture. KiSKA–Kajima thereafter amended its complaint on June 26, 1997,

changing the named plaintiffs in the action to KiSKA Construction Corporation–U.S.A. and Kajima Engineering and Construction Incorporated. *See* Plaintiffs' First Amended Complaint for Injunctive Relief, *reprinted in* J.A. 21–26. WMATA, however, renewed its motion to dismiss, arguing that it was not subject to the DC–FOIA.

On March 31, 1998, the District Court denied WMATA's motion to dismiss. *See KiSKA Construction Corp.–U.S.A. v. WMATA,* No. 96cv01834 (D.D.C. Mar. 31, 1998) (order), *reprinted in* J.A. 8. It found that: "(1) the interstate compact law does not bar application of DC–FOIA to WMATA; (2) the application of DC–FOIA does not conflict with the terms of WMATA's interstate compact; and (3) WMATA is an agency of the D.C. government, and thus not exempt from DC–FOIA." *KiSKA Construction Corp.–U.S.A. v. WMATA,* No. 96cv01834, slip op. at 2 (D.D.C. May 15, 1998) (memorandum opinion), *reprinted in* J.A. 10. WMATA then filed this interlocutory appeal, arguing that the District Court had improperly denied its motion to dismiss.

## II. ANALYSIS

WMATA argues that the motion to dismiss should have been granted, because WMATA is immune from suit under both the WMATA Compact and as a matter of interstate compact law. It also contends that, even if this court does not subscribe to the immunity arguments, we must still find that "WMATA is not an agency within the meaning of [the DC–FOIA] because WMATA is not an agency of the District of Columbia under the District of Columbia Administrative Procedure Act." *See* Brief for Appellant at 4. In other words, WMATA advances three claims in support of its motion to dismiss.

Ordinarily, an appellate court will not review a District Court's denial of a motion to dismiss, for want of a final, appealable judgment. *See Rendall–Speranza v. Nassim,* 107 F.3d 913, 916 (D.C.Cir.1997). However, when the "defendant raises and the district court rejects immunity as a defense, the defendant enjoys the right of immediate appeal." *Id.; see also Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,*

506 U.S. 139, 144–47, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (holding that both states and state entities claiming to be "arms of the State" may assert the collateral order doctrine to appeal a district court order denying a claim of immunity). In this case, WMATA has argued that it is immune from the requirements of the DC–FOIA under both the WMATA Compact and interstate compact law, and these claims are not "plainly unsubstantial." *Hurn v. Oursler*, 289 U.S. 238, 243–45, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). Thus, we clearly have jurisdiction over WMATA's claims of immunity on this interlocutory appeal.

 But our jurisdiction is not limited to WMATA's claims of immunity. We may also exercise " 'pendent appellate jurisdiction' over the otherwise unappealable aspects of the district court's order[ ]" if "substantial considerations of fairness or efficiency demand it." *Rendall-Speranza*, 107 F.3d at 917 (internal quotation marks omitted). The exercise of pendent appellate jurisdiction is favored if it will "likely terminate the entire case, sparing both this court and the district court from further proceedings and giving the parties a speedy resolution." *Gilda Marx, Inc. v. Wildwood Exercise, Inc.*, 85 F.3d 675, 679 (D.C.Cir.1996). Here, determining whether WMATA is immune from the DC–FOIA under the WMATA Compact or interstate law is a difficult and complicated task. However, determining that WMATA is not an "agency" within the meaning of the DC–FOIA is fairly easy under D.C. law. Accordingly, although we exercise pendent appellate jurisdiction "sparingly," *id.* at 678, the issue of whether WMATA is an "agency" within the meaning of the DC–FOIA is properly reached and resolved on this appeal. We therefore decline to decide the immunity issues, and turn instead to the merits of the "agency" question.

 The DC–FOIA defines an "agency" by referring to the definition of "agency" in the D.C. Administrative Procedure Act ("DC–APA"). *See* D.C.CODE ANN. § 1–1529 (1981). The DC–APA provides that:

(3) The term "agency" includes both subordinate agency and independent agency.

(4) The term "subordinate agency" means any officer, employee, office, department, division, board, commission, or other agency of the government of the District, other than an independent agency or the Mayor or the Council, required by law or by the Mayor or the Council to administer any law or any rule adopted under the authority of a law.

(5) The term "independent agency" means any agency of the government of the District with respect to which the Mayor and the Council are not authorized by law, other than this subchapter, to establish administrative procedures, but does not include the several courts of the District and the Tax Division of the Superior Court.

D.C.CODE ANN. § 1–1502(3)-(5) (1981).

In order to determine the reach of these provisions, we look to the decisions of the D.C. Court of Appeals. In *Latimer v. Joint Committee on Landmarks of the National Capital*, 345 A.2d 484, 487 (D.C.1975), the D.C. Court of Appeals held that the Joint Committee on Landmarks of the National Capital was not an agency of the District of Columbia, and, therefore, was not subject to the DC–APA. The court based this conclusion on the legislative history of the DC–APA, specifically the testimony of Mr. Alfred K. Scanlan, one of the principal drafters of the DC–APA, who testified that "the intention of this bill was to cover only agencies of the District of Columbia .... It was not intended to cover agencies—joint agencies—but [rather] only agencies within the framework of the District of Columbia government." *Administrative Procedures for the District of Columbia: Hearing Before the Subcomm. on the Judiciary of the Senate Comm. on the District of Columbia*, 90th Cong. 83 (1968) ("*Hearing*"); *see Latimer*, 345 A.2d at 487. Of particular relevance to this case is the fact that the portion of Scanlan's testimony quoted by the court in *Latimer* was in response to a question about *WMATA's concern that it would be deemed an agency under the DC–APA. See Hearing* at 83 (replying to the following statement: "Mr. Scanlan, I have one question that has

been brought up by [WMATA]. That is the problem of whether or not the subject bill would embrace the interstate compact agencies."). Because the D.C. Court of Appeals relied on Scanlan's testimony in holding that the Landmarks Committee was not an agency within the meaning of the DC–APA, it surely follows that WMATA is not an agency either, given that Scanlan was talking specifically about WMATA when he testified. Thus, as a matter of D.C. law, it is clear that WMATA is not an agency within the meaning of the DC–APA, and, accordingly, is not an agency within the meaning of the DC–FOIA. WMATA, therefore, is not subject to the disclosure requirements of the DC–FOIA, and this action against it must be dismissed.

### III. CONCLUSION

For the foregoing reasons, we reverse the District Court's denial of WMATA's motion to dismiss, and remand this case with instructions for the District Court to dismiss the case.

*So ordered.*