_____

No. 95-3014
_____

Marie Woolfolk, Administratrix      *
of the Estate of Eric Rahmal        *
Woolfolk; Leroy and Marie           *
Woolfolk,                           *
                                    *
      Plaintiffs - Appellees,       *   Appeal from the United States
                                    *   District Court for the
      v.                            *   Eastern District of Arkansas.
                                    *
Darren Smith; City of Pine          *        **[UNPUBLISHED]**
Bluff, Arkansas,                    *
                                    *
      Defendants - Appellants.      *
                                _____

              Submitted:  February 16, 1996

                  Filed:  March 12, 1996
                                _____

Before LOKEN, BRIGHT, AND MORRIS SHEPPARD ARNOLD, Circuit Judges.
                                _____

PER CURIAM.


      Darren Smith, a newly-hired, off-duty, out-of-uniform police officer,
chased suspect Eric Woolfolk on foot to make an arrest, cornered Woolfolk
in a narrow carport where the two struggled, and shot and killed Woolfolk
when he began hitting Smith in the head with a plastic trash can lid.
Woolfolk's parents then commenced this § 1983 action, asserting a Fourth
Amendment excessive force claim against Smith and a failure-to-train claim
against Smith's employer, the City of Pine Bluff, Arkansas.  The district
court[1] denied defendants' motion for summary judgment and they appeal,

_____

      [1]The HONORABLE WILLIAM R. WILSON, JR., United States District
Judge for the Eastern District of Arkansas.

arguing that we have jurisdiction because the district court denied Smith's claim of qualified immunity.

The Supreme Court narrowed our jurisdiction to hear interlocutory qualified immunity appeals when it limited such appeals to a district court's "determination about pre-existing 'clearly established' law." Johnson v. Jones, 115 S. Ct. 2151, 2158 (1995). In this case, the law concerning when a police officer may use deadly force to arrest a fleeing suspect was established in Tennessee v. Garner, 471 U.S. 1, 11-12 (1985):

> [I]f the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given.

After reviewing the facts presented in the summary judgment motion papers, the district court denied Smith's motion for summary judgment on qualified immunity grounds because it found genuine issues of fact regarding whether Woolfolk was a fleeing felony suspect, whether Woolfolk knew Smith was a police officer, whether Woolfolk was harming Smith or was a threat to harm others, and whether Smith acted reasonably in entering the cramped carport.

As the Supreme Court predicted in Johnson v. Jones, its new standard of appealability can be difficult to apply. See, e.g., Miller v. Schoenen, No. 95-1766, 1996 WL 63301 (8th Cir. Feb. 15, 1996). In this case, Smith has dealt with that difficulty by ignoring it. After careful review of the summary judgment record, we conclude that this is the type of fact-based qualified immunity decision that is not appropriate for interlocutory appeal.

The City has also appealed the district court's denial of the City's motion for summary judgment. We conclude that the

Woolfolks' failure-to-train claim against the City is not "inextricably intertwined" with Smith's claim of qualified immunity. Therefore, even if we could review Smith's claim of qualified immunity, we would have no jurisdiction to immediately review the district court's denial of summary judgment to the City. See Swint v. Chambers County Comm'n, 115 S. Ct. 1203, 1212 (1995); Kincade v. City of Blue Springs, 64 F.3d 389, 394-95 (8th Cir. 1995).

The appeal is dismissed for lack of jurisdiction.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.