**GILDA MARX, INCORPORATED; Body Design by Gilda, Inc.; Body Design by Gilda Studios, Inc., Appellants/Cross–Appellees,**

v.

**WILDWOOD EXERCISE, INC., et al., Appellees/Cross–Appellants.**

Nos. 88–7237, 95–7267 and 95–7269.

United States Court of Appeals, District of Columbia Circuit.

June 11, 1996.

Herbert Cohen, Washington, DC, Wigman, Cohen, Leitner & Myers, for appellants.

Burton A. Schwalb, Washington, DC, Schwalb, Donnenfeld, Bray & Silbert, for appellees.

Before WALD, WILLIAMS, and ROGERS, Circuit Judges.

Opinion for the Court filed PER CURIAM.

On Motions to Consolidate and to Dismiss

PER CURIAM:

The district court entered judgment for the defendants and ruled that they were entitled to reimbursement of attorney's fees they expended in defending against some, but not all, of plaintiffs' claims. The district court has not yet fixed the amount of the fee award. The plaintiffs appealed from the adverse judgment and from the finding of liability for attorney's fees, while the defendants cross-appealed from the limitation placed on the fee award. Both parties now move to consolidate the appeal and the cross-appeal. Because the district court's attorney's fee order is not final insofar as the amount of the award has not been determined, we decline to exercise pendent jurisdiction over the appeal and cross-appeal from that portion of the order.

## I.

The parties to this ten-year-old dispute are Body Design by Gilda, Inc. ("Gilda Marx") and Wildwood Exercise, Inc. ("Wildwood"), two organizations formerly operating exercise studios in the Washington, D.C. area. Gilda Marx sued Wildwood for trademark infringement, unfair competition, deceptive trade practices, violations of employment contracts, and violations of the Racketeer Influenced and Corrupt Organizations ("RICO") provisions of the Organized Crime Control Act of 1970, 18 U.S.C. §§ 1961–1968 (1982). The district court entered judgment for Wildwood in 1988. *Gilda Marx, Inc. v. Wildwood Exercise, Inc.,* No. 86–1171 (D.D.C. filed Aug. 26, 1988) (mem.). Gilda Marx filed Appeal No. 88–7237 from that judgment.

Shortly thereafter, Gilda Marx filed a motion to amend the judgment pursuant to Federal Rule of Civil Procedure 52(b), and Wildwood filed a motion for attorney's fees pursuant to Federal Rule of Civil Procedure 59(e). This court held the appeal in abeyance pending the district court's disposition of the post-judgment motions. *Gilda Marx, Inc. v. Wildwood Exercise, Inc.,* No. 88–7237 (D.C.Cir. filed Dec. 20, 1988) (order). On September 29, 1995, the district court denied Gilda Marx's Rule 52(b) motion and granted, in part, Wildwood's motion for attorney's fees "as to attorney time expended in defending against the RICO claims." *Gilda Marx, Inc. v. Wildwood Exercise, Inc.,* No. 86–1171 (D.D.C. filed Sept. 29, 1995). As permitted by Local Rule 215(b),[1] the court deferred determining the amount of attorney's fees "pending the outcome of the appeal on the RICO claims."

Gilda Marx noted an appeal from the September 29, 1995, order, No. 95–7267, and repeated its request for review of the original 1988 judgment. In its statement of issues on appeal in No. 95–7267, Gilda Marx also disclosed its intention to challenge the 1995 finding that it was liable for attorney's fees. Wildwood filed a cross-appeal from the district court's limitation of the recovery of attorney's fees to those expended on the RICO claims. Appeal No. 95–7269. Pending now before this court are two motions concerning these three appeals: Gilda Marx's motion to consolidate the appeals and hold the consolidated appeal in abeyance until the district court determines the amount of attorney's fees, and Wildwood's motion to dismiss Gilda Marx's 1988 appeal and consolidate the 1995 appeal of Gilda Marx with Wildwood's cross-

---

1. Local Rule 215(b) provides: "After a decision has been made that there will be an appeal [on the merits], the Court shall make a specific determination as to whether, in the interest of justice, the fee issues, in whole or in part, should be considered or be held in abeyance pending the outcome of the appeal."

appeal. Although both parties favor consolidation, Wildwood opposes Gilda Marx's request to hold the consolidated appeal in abeyance.

## II.

When certain post-judgment motions are pending in the district court, including motions to amend the judgment pursuant to Rule 52(b), "the time for appeal [of the judgment] for all parties runs from the entry of the order disposing of the last such motion outstanding." FED.R.APP.P. 4(a)(4). Therefore, Gilda Marx's notice of appeal filed on October 12, 1995, is a timely appeal from the district court's 1988 judgment, as well as from the September 29, 1995, denial of the Rule 52(b) motion. Moreover, Gilda Marx's 1995 appeal, No. 95–7267, subsumes the 1988 appeal, No. 88–7237. Consequently, we grant Wildwood's motion in part by dismissing No. 88–7237.

■ Before deciding whether to consolidate the two remaining appeals, we first consider whether we have jurisdiction over either of them. This court generally has statutory jurisdiction of appeals from "final decisions" of the district court. 28 U.S.C. § 1291 (1994). The 1988 judgment and 1995 denial of Gilda Marx's Rule 52(b) motion constitute an appealable "final decision" on the merits, even though Wildwood's fee motion is still outstanding in the district court. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03, 108 S.Ct. 1717, 1721–22, 100 L.Ed.2d 178 (1988). We thus have jurisdiction over No. 95–7267, at least insofar as it challenges the 1988 judgment and the 1995 Rule 52(b) denial.

Jurisdiction over Wildwood's cross-appeal is less clear. Although the district court found Gilda Marx liable for attorney's fees, the amount of the award has not been established. In keeping with the principle that a finding of liability is not final until the court has specified the relief to be awarded, *Liber-*

*ty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976), every circuit to address the question has held that an order finding liability for attorney's fees is not final until the amount has been determined. *Century 21 Real Estate Corp. v. Century 21 Real Estate, Inc.,* 929 F.2d 827, 830 (1st Cir.1991); *Echols v. Parker,* 909 F.2d 795, 798 (5th Cir.1990); *Phelps v. Washburn Univ. of Topeka,* 807 F.2d 153, 154 (10th Cir.1986) (per curiam); *Becton Dickinson & Co. v. District 65, United Auto., Aerospace and Agric. Implement Workers of Amer.,* 799 F.2d 57, 61 (3d Cir.1986); *Morgan v. Union Metal Mfg.,* 757 F.2d 792, 795 (6th Cir.1985); *see also Crowley v. Shultz,* 704 F.2d 1269, 1272 (D.C.Cir.1983). We would therefore dismiss No. 95–7269 for lack of jurisdiction if it were the only appeal before us.

The question, then, is whether to assume jurisdiction over Wildwood's cross-appeal (No. 95–7269) by consolidating it with Gilda Marx's 1995 appeal (No. 95–7267), over which, at least in part, our jurisdiction is unquestionable. Our sister circuits are split on the question whether we even have the power to do so. Three circuits have held or suggested that an otherwise unappealable fee liability order can be appended to the appeal of a final judgment on the merits. *Andrews v. Employees' Retirement Plan of First Ala. Bancshares, Inc.,* 938 F.2d 1245, 1247–48 (11th Cir.1991); *Bittner v. Sadoff & Rudoy Ind.,* 728 F.2d 820, 826–27 (7th Cir.1984); *Morgan,* 757 F.2d at 795–96 (6th Cir.) (dicta). On the other side, two circuits have flatly rejected that position, *Southern Travel Club v. Carnival Air Lines, Inc.,* 986 F.2d 125, 131 (5th Cir.1993); *Phelps,* 807 F.2d at 155 (10th Cir.), and another has at least expressed skepticism toward it. *Becton Dickinson,* 799 F.2d at 61–62 (3d Cir.); *but see Pennsylvania v. Flaherty,* 983 F.2d 1267, 1276–77 (3d Cir.1993). The question is undecided in this circuit.[2]

---

2. In *Haralson v. Federal Home Loan Bank Bd.,* 837 F.2d 1123, 1124–25 (D.C.Cir.1988), the court had jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) over the district court's interlocutory order denying an injunction. The court held that it lacked jurisdiction to review the district

court's separate order refusing to force the defendant conservator to return seized funds that the plaintiffs wished to use to pay their attorneys. Although this section of the opinion was headed "Counsel Fees," it did not address an attorney's fee award of the sort involved here.

678

■ A circuit court exercises pendent jurisdiction when, in the course of reviewing an order from which an appeal is within its jurisdiction, it hears an appeal from another order that, while part of the same case or controversy, would not otherwise be within its statutory jurisdiction. *Cf. United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 721–29, 86 S.Ct. 1130, 1136–41, 16 L.Ed.2d 218 (1966). All of the above-cited authorities on both sides of the question presented here predate *Swint v. Chambers County Comm'n,* — U.S. —, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995), in which the Supreme Court took a relatively restrictive position on the circuit courts' power to exercise pendent appellate jurisdiction. Nonetheless, *Swint* left open the questions "whether or when it may be proper for a court of appeals with jurisdiction over one ruling to review, conjunctively, related rulings that are not themselves appealable." *Id.* at —, 115 S.Ct. at 1212. The Court has on a number of occasions approved the exercise of pendent appellate jurisdiction. *E.g., Thornburgh v. American College of Obstetricians and Gynecologists,* 476 U.S. 747, 755–57, 106 S.Ct. 2169, 2175–77, 90 L.Ed.2d 779 (1986), *overruled in part on other grounds, Planned Parenthood of S.E. Penn. v. Casey,* 505 U.S. 833, 882, 112 S.Ct. 2791, 2823, 120 L.Ed.2d 674 (1992) (plurality); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 172, 94 S.Ct. 2140, 2150, 40 L.Ed.2d 732 (1974); *Deckert v. Independence Shares Corp.,* 311 U.S. 282, 286–87, 61 S.Ct. 229, 232–33, 85 L.Ed. 189 (1940). Moreover, while it is not clear from the opinion in *Swint* which, if any, of these facts were dispositive, that case involved a number of factors militating against pendent appellate jurisdiction that are not present here: the pendent appeal involved a separate cause of action from the one giving rise to the appealable order, rather than an ancillary matter; the appealable order was itself interlocutory, suggesting a greater threat to orderly procedure when the appeals court broadly intervened before the district court had an opportunity to render a final judgment on any of the claims in the case; and the court of appeals complicated the appeal by bringing in "pendent parties," i.e., parties who were not involved in the appealable order but were parties to the pendent order.

■ Review of the attorney's fees order is certainly within our Article III power. *See Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138; *Chicago, Rock Isl. & Pac. R.R. Co. v. Stude,* 346 U.S. 574, 578, 74 S.Ct. 290, 293–94, 98 L.Ed. 317 (1954) (holding circuit court reviewing the dismissal of one suit had jurisdiction to review denial of a remand motion in a separate suit arising from same set of events). Also, unlike the extra-statutory[3] exercise of pendent original jurisdiction approved in *Gibbs,* pendent appellate jurisdiction in a case such as this does not bring into our court any claim that could not otherwise be here; it merely affects the timing of an appeal that one or more parties will ultimately be able to bring here as of right. While we do not eagerly reach out to decide whatever issues the parties wish to present, cases like *Gibbs* and *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), indicate that we should give the jurisdictional statutes a "practical construction." *Swint,* — U.S. at ———, 115 S.Ct. at 1203–04 (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.,* — U.S. —, —, 114 S.Ct. 1992, 1995, 128 L.Ed.2d 842 (1994)). Our own recent jurisdictional decisions suggest restraint tempered by a recognition of the need for sensible allocation of judicial resources. *Compare McKesson Corp. v. Islamic Rep. of Iran,* 52 F.3d 346, 353 (D.C.Cir.1995), *cert. denied,* — U.S. —, 116 S.Ct. 704, 133 L.Ed.2d 660 (1996), *with Shell Oil Co. v. Federal Energy Reg. Comm'n,* 47 F.3d 1186, 1194–96 (D.C.Cir.1995). We therefore decline to create a blanket rule absolutely barring pendent appellate jurisdiction over nonfinal attorney's fee liability orders. But, as a general matter, we anticipate that cases in which we review such orders will be rare exceptions.

■ This court exercises pendent appellate jurisdiction sparingly. *See Consarc Corp. v. Iraqi Ministry,* 27 F.3d 695, 700 (D.C.Cir.1994); 16 Charles Alan Wright et al., *Federal Practice and Procedure* § 3937

3. The jurisdiction approved in *Gibbs* has since been largely codified. 28 U.S.C. § 1367 (1994).

nn. 5, 6.5 (1992 & Supp.1995). As the Supreme Court pointed out in *Swint*, —— U.S. at —— – ——, 115 S.Ct. at 1209–11, a more expansive approach would undermine the statutory scheme, which gives rulemaking authority over general classes of interlocutory appeals to the Supreme Court and case-by-case discretion over such appeals to the district courts in the first instance. 28 U.S.C. § 1292(b), (e) (1994). Deferring to the choices made by the district court in managing its docket, we entertain pendent appeals only when substantial considerations of fairness or efficiency demand it. Such considerations may be presented, for example, when the nonappealable order is "inextricably intertwined" with the appealable order, or when review of the former is "necessary to ensure meaningful review of the latter."[4] *Swint*, —— U.S. at ——, 115 S.Ct. at 1212; *see also Brennan v. Township of Northville*, 78 F.3d 1152, 1157–58 (6th Cir.1996); *Dolihite v. Maughon*, 74 F.3d 1027, 1034–35 n. 3 (11th Cir.1996); *Blue v. Koren*, 72 F.3d 1075, 1084 n. 6 (2d Cir.1995). The appeals may be so closely related, or turn on such similar issues, that a single appeal should dispose of both simultaneously. *See Eisen*, 417 U.S. at 172–73, 94 S.Ct. at 2150; *Shell Oil*, 47 F.3d at 1194–96; *Consarc*, 27 F.3d at 700. In some cases, pendent review will likely terminate the entire case, sparing both this court and the district court from further proceedings and giving the parties a speedy resolution. *See Thornburgh*, 476 U.S. at 757, 106 S.Ct. at 2177; *Deckert*, 311 U.S. at 287, 61 S.Ct. at 232–33. By choosing to entertain a pendent appeal, we may sometimes be able to forestall a second appeal, thus streamlining the judicial process.

On the other hand, there are a number of circumstances that generally weigh against the exercise of pendent appellate jurisdiction. We do not consider pendent appeals that challenge orders from which the time for appeal has already passed. *Consarc*, 27 F.3d at 700. Likewise, pendent appellate jurisdiction may be declined if the appealing party has, intentionally or not, circumvented the district court's authority to decide whether to endorse an interlocutory appeal under 28 U.S.C. § 1292(b) or Federal Rule of Civil Procedure 54(b). We also must be careful not to accept pendent appeals prematurely, without the benefit of an adequate record or before the district court has an opportunity to render a considered decision on the subject. *See Swint*, —— U.S. at —— n. 5, 115 S.Ct. at 1210 n. 5; *Gross v. Winter*, 876 F.2d 165, 168 & n. 4 (D.C.Cir.1989). Not only judicial economy but the prohibition on advisory opinions counsel against reaching an issue that might be mooted or altered by subsequent district court proceedings. *See Dellums v. Powell*, 660 F.2d 802, 804 n. 6 (D.C.Cir.1981); *Fort v. Roadway Expr., Inc.*, 746 F.2d 744, 748 (11th Cir.1984). Finally, the Supreme Court has repeatedly warned against "pendent" appeals that substantially predominate over the independently appealable order; parties should not be encouraged to bring insignificant, but final, matters before this court as mere vehicles for pendent review of numerous or complex orders that are not independently appealable. *Abney v. United States*, 431 U.S. 651, 663, 97 S.Ct. 2034, 2042, 52 L.Ed.2d 651 (1977); *see also Johnson v. Jones*, —— U.S. ——, ——, 115 S.Ct. 2151, 2159, 132 L.Ed.2d 238 (1995).

■ With these considerations in mind, we decline to assume jurisdiction over the order imposing liability on Gilda Marx for attorney's fees. The attorney's fees issue is not so inextricably intertwined with the judgment on the merits; nor must the former be reviewed in order to review the latter fully. Early review of attorney's fees liability is not likely to terminate the case or obviate further proceedings either here or in the district court. Indeed, because, as the district court's order suggests, our ruling on the merits may cause the district court to revisit Gilda Marx's liability for attorney's fees, any

---

4. Some courts read *Swint* to permit pendent appellate jurisdiction *only* when the quoted conditions obtain. *See Woolfolk v. Smith*, 81 F.3d 741, 743 (8th Cir.1996) (per curiam); *Sevier v. City of Lawrence, Kan.*, 60 F.3d 695, 701 (10th Cir.1995). *But see Kaluczky v. City of White Plains*, 57 F.3d 202, 207 (2d Cir.1995). While we agree that *Swint* counsels caution in the exercise of pendent appellate jurisdiction, we do not think that it meant to prescribe a definitive or exhaustive list of conditions.

decision we reached as to attorney's fees would be somewhat speculative. Reviewing the attorney's fees issues now would not save the district court any work, irrespective of how we ultimately rule on the merits, because the district court has exercised its discretion under the local rules to defer further proceedings until after the appeal is decided.[5] We can only guess whether exercising or declining pendent jurisdiction would make more efficient use of this court's resources. *Compare Bittner,* 728 F.2d at 827, *with Flaherty,* 983 F.2d at 1277, *and Becton Dickinson,* 799 F.2d at 61. Without a reason to believe that the interests of judicial economy and fairness to the parties would be served, we have no occasion to take the "disfavored" step of exercising pendent jurisdiction. *Moore v. City of Wynnewood,* 57 F.3d 924, 929 (10th Cir.1995). Adherence to the general rule is further warranted by the difficulty of assessing the propriety of the district court's liability ruling without a determination of the amount of the award. Although the district court appears to have allowed recovery of fees only for Wildwood's defense of the RICO claim, the court treated all the non-RICO counts as predicate acts of the RICO claim. Mem. at 59. The scope of the fee award is therefore not entirely clear and may explain the district court's decision to delay a decision on the amount of attorney's fee liability until this court reviews the merits of the underlying judgment.

Accordingly, we *sua sponte* dismiss Wildwood's cross-appeal, No. 95–7269, and the portion of Gilda Marx's appeal, No. 95–7267, that challenges Gilda Marx's liability for attorney's fees. We also deny Gilda Marx's request to hold the remaining merits appeal, No. 95–7267, in abeyance. Although the

court has discretion to defer review of the merits of this case until the amount of attorney's fees is established, nothing would be gained here by so delaying since the district court has deferred setting an amount until this court rules on the merits. Moreover, Gilda Marx's interest in staying the remaining appeal appears to be based on the assumption that the appeal will include review of the determination of liability for attorney's fees. Hence, our review of the 1988 judgment for Wildwood and the denial of Gilda Marx's Rule 52(b) motion may proceed in No. 95–7267.

---

5. Obviously, from the appellate court's perspective, it would be desirable if the merits appeal and the appeal from the final order on fees could be decided together. Indeed, this appears to be the import of the 1993 amendments to the civil and appellate rules. Fed.R.Civ.P. 54(d)(2), 58; Fed.R.App.P. 4(a)(4)(D); *see also* 15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3915.6 n. 19 (1992); *id.* at 36–37 (Supp.1995). However, the needs of judicial economy take into account not only the best use of our resources, but those of the district court as well. In some cases, as here, the district court will reasonably

conclude that it would be most efficient to permit a merits appeal to go forward immediately. In other instances, the district court may find it more appropriate to expedite fee proceedings or exercise its authority under Local Rule 215 and the Federal Rules of Civil Procedure to delay the merits appeal until a final fee order can be entered. In any event, the wise division of labor between the two courts under the circumstances of each case is committed by statute and rule to the district court in the first instance, which is all the more reason for us to be cautious in exercising pendent jurisdiction. *See Swint,* —— U.S. at ——, 115 S.Ct. at 1210.