**John FLYNN, et al., Appellees**

v.

**OHIO BUILDING RESTORATION, INC. and Exact Construction Services, Inc., Appellants.**

**No. 04–7091.**

United States Court of Appeals, District of Columbia Circuit.

June 27, 2005.

Rehearing En Banc Denied Sept. 9, 2005.

Ira Robert Mitzner, Dickstein Shapiro Morin & Oshinsky, Washington, DC, for Plaintiffs-Appellees.

Richard Dennis Carter, Carter & Coleman, Alexandria, VA, for Defendants-Appellants.

Before: RANDOLPH, GARLAND, and ROBERTS, Circuit Judges.

### *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED and ADJUDGED that the appeal be dismissed.

Appellants' one and only notice of appeal was filed on June 2, 2004—after the district court's May 7, 2004 summary judgment order, but before damages were calculated and final judgment was entered. Federal Rule of Appellate Procedure 4(a)(2), which addresses premature notices of appeal, provides that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." *See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 276, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991). The rule does not save all premature appeals, but only those from decisions "that *would be* appealable if immediately followed by the entry of judgment." *Id.; see Outlaw v. Airtech Air Conditioning & Heating, Inc.*, 412 F.3d 156, 161 (D.C.Cir.2005).

The summary judgment order from which Ohio Building Restoration and Ex-

act Construction Services appeal was not such a decision. The district court resolved only the issue of liability, expressly requesting submissions from the parties as to damages. *See Flynn v. Ohio Bldg. Restoration, Inc.,* 317 F.Supp.2d 22, 38 n. 15 (D.D.C.2004). "[A] finding of liability is not final until the court has specified the relief to be awarded," *Gilda Marx, Inc. v. Wildwood Exercise, Inc.,* 85 F.3d 675, 677 (D.C.Cir.1996) (*per curiam*), and immediate entry of judgment could not have rendered the district court's order final and appealable. *Compare Outlaw,* 412 F.3d at 161–62 (premature appeal saved because decision would have been appealable if immediately followed by entry of judgment pursuant to Federal Rule of Civil Procedure 54(b)). Appellants here could not have "reasonably but mistakenly believe[d]" that the summary judgment order was a final judgment; it was not a decision that "*would be* appealable if immediately followed by the entry of judgment," and so the appeal cannot be rescued by Appellate Rule 4(a)(2). *FirsTier,*

498 U.S. at 276, 111 S.Ct. 648; *see Holland v. Williams Mountain Coal Co.,* No. 04–7092, 2004 WL 2713122 (D.C.Cir. Nov.23, 2004) (*per curiam*) (*FirsTier* not satisfied when attorney's fees and costs remained to be calculated). Moreover, the appeal cannot be saved by the filing of a new notice of appeal because more than 30 days have run since the district court's subsequent entry of final judgment on October 14, 2004. *See* Fed. R.App. P. 4(a)(1)(A).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).