**Cynthia G. WILCOX, Appellee**

v.

**Charles SISSON and Charles Sisson Revocable Living Trust, Appellants.**

No. 05–7038.

United States Court of Appeals, District of Columbia Circuit.

Feb. 14, 2006.

Gerson A. Zweifach, Williams & Connolly, Washington, DC, for Appellee.

Jason Alexander Dzubow, Martin F. McMahon & Associates, Washington, DC, for Appellants.

Before SENTELLE, HENDERSON, and TATEL, Circuit Judges.

### *JUDGMENT*

PER CURIAM

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties and oral arguments of counsel. The court has determined that the issues presented occasion no need for an opinion. *See* D.C. CIR. R. 36(b). It is

ORDERED AND ADJUDGED that the District Court's decision is affirmed in part and dismissed in part for lack of jurisdiction. On all issues except attorney's fees, we affirm the decision below for the reasons offered by the District Court. The court's voluminous findings of fact are not clearly erroneous, and appellant's legal arguments are unavailing.

We have jurisdiction over the District Court's order on the merits even though it has not yet awarded attorney's fees. *See Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202–03, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) ("a decision on the merits is a 'final decision' for purposes of [28 U.S.C.] § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case"); *Carolina Power & Light Co. v. Dynegy Mktg. & Trade,* 415 F.3d 354, 358 (4th Cir.2005) ("an unresolved motion to assess attorneys fees as costs to the prevailing party generally does not prevent a judgment on the merits from being final because it does not call into question a decision on the merits").

In our discretion, however, we decline to exercise pendent jurisdiction over the District Court's decision regarding attorney's fees because that collateral issue has not yet been fully adjudicated. *See Gilda Marx, Inc. v. Wildwood Exercise, Inc.,* 85 F.3d 675, 680 (D.C.Cir.1996) (declining to exercise pendent appellate jurisdiction over ancillary order that granted attorney's fees in an amount to be determined when attorney's fees issue "is not so inextricably intertwined with the judgment on the merits; nor must the former be reviewed in order to review the latter fully"). The appeal as to that issue is therefore dismissed.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc. See* FED R.APP. P. 41(b); D.C. CIR. R. 41.