**Wade ROBERTSON, Appellant**

v.

**William C. CARTINHOUR, Jr., Appellee.**

**No. 10–7033.**

United States Court of Appeals, District of Columbia Circuit.

April 19, 2011.

Rehearing En Banc Denied June 15, 2011.

Ty Odell Clevenger, Youngkinn & Burns, PLLC, Bryan, TX, for Appellant.

Michael J. Bramnick, Patrick John Kearney, Esquire, Selzer Gurvitch Rbain & Obecny, Bethesda, MD, for Appellee.

Before: GINSBURG and GARLAND, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal from a preliminary injunction issued by the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. See D.C. CIR. R. 36(d). For the reasons stated in the accompanying memorandum, it is

**ORDERED** and **ADJUDGED** that the order of the district court be affirmed.

The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See FED. R.APP. P. 41(b); D.C. CIR. R. 41.

### MEMORANDUM

Wade A. Robertson appeals the district court's order preliminarily enjoining him from using funds sequestered in the registry of the court. For the reasons set out below, we affirm the district court's order.

In 2004 Wade A. Robertson, an attorney, and William C. Cartinhour, an elderly physician, formed a partnership they denominated W.A.R., LLP, as an investment vehicle for certain litigation in which Robertson was involved. At Robertson's urging, Cartinhour contributed a total of $3.5 million to the enterprise. Robertson, meanwhile, borrowed a total of $3.405 million from the partnership via two interest-free, recourse loans, repayment of which was not due until January 1, 2030 and January 1, 2040, respectively. Bank records show Robertson deposited the money he received from each loan into a Charles Schwab trading account opened in his own name.

Several times in 2009, Cartinhour demanded an accounting of the partnership's assets. Instead of complying with those demands, Robertson filed an action in the district court for a declaratory judgment. Cartinhour filed an answer and a counter claim for, among other things, legal malpractice, fraud, and breach of fiduciary duty. The district court subsequently ordered Robertson to file an accounting of the partnership's assets and enjoined Robertson from dissipating any funds traceable to Cartinhour's contributions. Several weeks later, in apparent violation of that order, Robertson drew two checks on his Schwab trading account, which checks remain uncashed.

When Robertson filed the accounting, Cartinhour learned of the two outstanding loans and that only $4,541.11 remained in the partnership's Citibank account. Cartinhour then subpoenaed Robertson's bank records and, finding the balance of Robertson's Schwab account was only $522,000, amended his counter-complaint to allege these new facts and to add claims for rescission and for the imposition of an equitable trust. Cartinhour also moved for a preliminary injunction freezing Robertson's assets.

Following a two-day evidentiary hearing, the district court granted Cartinhour's motion for a preliminary injunction and issued an order enjoining Robertson from "moving, transferring, concealing, spending, or otherwise dissipating" any monies held in Robertson's Schwab account, any Citibank account in the name of W.A.R., and any other Citibank account in which Robertson had "any interest whatsoever." The order also required the banks to transfer the covered monies into the registry of the court, there to be held *in custodia legis* pending further order of the court.*

Robertson appeals the injunction on the ground it was unlawfully issued because (i) Cartinhour had failed to establish he had an equitable interest in the monies frozen; (ii) the district court exceeded its equitable authority when it not only froze his funds but also effectively "attached" them by requiring their deposit in the registry of the court; and (iii) Cartinhour had failed to establish either a probability of irreparable injury or a likelihood of success on the merits. None of these arguments has merit.

1. "An injunction freezing assets is only permissible when a party has demonstrated an equitable claim to the assets" frozen. *Ellipso, Inc. v. Mann*, 480 F.3d 1153, 1160 (D.C.Cir.2007) (citing *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 310, 332–33, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999)). Here, the district court found "anything in [Robertson's] Schwab account . . . or in his personal account or in the partnership account is traceable to the investments of Mr. Cartinhour." ** The district court then concluded Cartinhour had established Robertson's control over his investments was likely the result of a breach of fiduciary duty, unlawful conversion, or one or more of the other claims alleged and, therefore, that Cartinhour was likely to succeed in obtaining a constructive trust. As the district court observed, "an action to create a constructive trust is equitable in nature." *In re Estate of Reilly*, 933 A.2d 830, 838 (D.C.2007); *accord In re Focus Media Inc.*, 387 F.3d 1077, 1085 (9th Cir.2004). Accordingly, we have no difficulty concluding Cartinhour established an

---

* On March 1, 2011 the district court entered a $7 million judgment against Robertson for breach of fiduciary duty and legal malpractice; Robertson has since filed a notice of appeal. We still have jurisdiction over Robertson's appeal of the preliminary injunction because there are funds in the registry against which Robertson may bring a claim and the issues in this appeal are independent of those in his appeal on the merits of the final judgment. *See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 314–18, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999).

** Although Robertson claims $132,000 in his Schwab account and monies in his personal accounts were not in fact traceable to Cartinhour's funds, he points to no evidence in the record upon which we could conclude the district court's contrary finding was clearly erroneous. *See Ellipso, Inc. v. Mann*, 480 F.3d 1153, 1157 (D.C.Cir.2007) (reviewing district court's factual determinations under "clearly erroneous" standard). Robertson's argument the injunction was overbroad fails for the same reason.

equitable interest in all of the monies frozen and Robertson's argument the injunction was unlawful under *Grupo* therefore fails. *See Ellipso,* 480 F.3d at 1160. Robertson's argument Cartinhour "lost" any equitable interest he may have had in the funds because in 2006 Cartinhour had "affirmed" the loans to Robertson is forfeit because Robertson did not raise it in the district court. The argument would have failed in any event because Cartinhour could hardly have affirmed loans of which he was unaware prior to discovery in this case. *See Ellipso,* 480 F.3d at 1158 ("Where a party to an executed contract discovers a material misrepresentation ..., that party may ... either affirm the contract and sue for damages, or repudiate the contract and recover that with which he or she has parted") (quoting *Dresser v. Sunderland Apartments Tenants Ass'n,* 465 A.2d 835, 840 (D.C.1983)).

2. The district court did not exceed its equitable authority by ordering Robertson to transfer the frozen assets into the registry of the court. "A preliminary injunction is an injunction that is issued to protect plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits." 11A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2947 (2d ed. 1995). Here, the district court concluded the preliminary injunction was necessary to ensure Robertson did not dissipate the assets to which Cartinhour had established an equitable claim. Based upon Robertson's apparent disregard of the temporary freeze order issued in December, the district court reasonably exercised its discretion by requiring that the funds be transferred to the registry. It is evident this additional step was taken to "preserve the relative positions of the parties until a trial on the merits [could] be held," *Univ. of Tex. v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981), and the district court therefore had the equitable authority to order it undertaken pursuant to Rule 65(a). Robertson's observation that a preliminary injunction may not be issued upon the basis of a past harm is true but irrelevant; the district court had reason to believe, in view of his earlier willingness to disregard the court's orders, Robertson would violate a preliminary injunction that froze but did not sequester his assets. Because the district court had the authority to act under Rule 65, we need not address Robertson's contention Rule 64 provides no such authority because the district court did not require a bond in accordance with local law.

3. Robertson last argues the district court abused its discretion in holding Cartinhour had established a probability of irreparable harm and a likelihood of success on the merits. Specifically, Robertson maintains both that economic injuries are not irreparable and that Cartinhour cannot establish he will likely succeed on the merits because his claims are barred by the statute of limitations. Robertson's first point is incorrect as a matter of law. Although the general rule has it that economic harm does not constitute an irreparable injury, *Davis v. Pension Benefit Guar. Corp.,* 571 F.3d 1288, 1295 (D.C.Cir. 2009), the rule is based upon the presumption that "adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation," *see Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n,* 259 F.2d 921, 925 (D.C.Cir.1958). That presumption does not hold and the general rule does not apply where, as here, the plaintiff has shown the defendant is likely, in furtherance of the fraud in suit, to dissipate the only assets available for relief. *See, e.g., Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 843 &

**4**

n. 2 (D.C.Cir.1977) (economic harm may be irreparable in particular circumstances). Robertson's second point fails because, regardless whether Robertson ultimately proves Cartinhour's claims are time-barred,*** when Cartinhour moved for preliminary relief the record upon that point was not so clear that the district court abused its discretion in concluding Cartinhour was likely to succeed on the merits of his claims.

Robertson's request that his case be assigned to a different judge on remand is denied. *See United States v. Microsoft Corp.,* 56 F.3d 1448, 1463 (D.C.Cir.1995) (we reassign a case under 28 U.S.C. § 455(a) or § 2106 only if "the facts might reasonably cause an objective observer to question the judge's impartiality") (internal quotation marks and alteration omitted).

*** We decline Robertson's invitation to exercise pendent jurisdiction over the district court's otherwise non-appealable order denying Robertson's motion for dismissal or summary judgment on the ground Cartinhour's claims are time-barred. *See Gilda Marx, Inc. v. Wildwood Exercise, Inc.,* 85 F.3d 675, 678 (D.C.Cir.1996) (we exercise pendent jurisdiction "sparingly").