**Khadija DUMA, Appellant**

v.

**COMMISSIONER OF INTERNAL REVENUE Service, Appellee.**

**No. 12–1040.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 4, 2013.

Khadija Duma, Silver Spring, MD, pro se.

Janet Arlene Bradley, Bruce R. Ellisen, U.S. Department of Justice, Washington, DC, for Appellee.

Before: BROWN, Circuit Judge, and EDWARDS and RANDOLPH, Senior Circuit Judges.

### *JUDGMENT*

This appeal was considered on the record from the Tax Court and on the briefs and arguments of the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the appeal be dismissed.

Following a trial, the Tax Court issued a memorandum opinion finding Khadija Duma liable for income tax deficiencies for the years 2003 and 2004, and for various additions to tax under I.R.C. §§ 6651 & 6654. The Tax Court withheld entry of its decision under Tax Court Rule 155(a) and ordered the parties to submit computations so that it could determine the amount of Duma's liability.

On the date her computations were due, Duma moved for additional time or, in the alternative, filed a notice of appeal. The Tax Court denied Duma's motion for more time and stated that her notice of appeal was "premature[ ] because a decision … had not yet been entered." The Tax Court entered its final decision on August 13, 2010, and Duma filed a second notice of appeal more than a year later, on January 10, 2012.

A party may appeal a decision of the Tax Court "by filing a notice of appeal with the clerk of the Tax Court within 90 days after the decision of the Tax Court is entered." I.R.C. § 7483; *see* Fed. R.App. P. 13(a)(1). Unlike Federal Appellate Rule 4, which governs appeals from the district court, Rule 13 does not contain any express provision for saving prematurely filed appeals. We do not decide whether Rule 13 ever permits prematurely filed notices of appeal to ripen because, even if we had the discretion to recognize premature notices of appeal, we would not exercise it here for two reasons.

First, Duma should have known that her notice of appeal was prematurely filed. Neither the Tax Court's memorandum opinion nor its order to submit computations specified the amount for which Duma was liable, and the opinion noted that a final decision was being withheld under Rule 155. Moreover, when the Tax Court issued an order rejecting Duma's motion for additional time, it stated that her appeal was premature as a decision had not yet been entered. (Duma claims she did not receive a copy of the Tax Court's order.) Because Duma should have been aware that her notice of appeal was not timely, this court will not exercise any discretion it might have under Rule 13. *See Feistman v. Comm'r,* 587 F.2d 941, 942–43 (9th Cir.1978).

Second, the court declines to exercise any discretion it might have because Duma's case was not close to a final judgment at the time she filed her notice of appeal. Even Rule 4's express ripening provision only "rescues a notice of appeal taken from a decision that 'would be appealable if immediately followed by the entry of judgment.'" *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.,* 630 F.3d 217, 223 (D.C.Cir.2011) (quoting *FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.,* 498 U.S. 269, 276, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991)). Rule 4 does not rescue appeals filed before damages have been computed, *Flynn v. Ohio Building Restoration, Inc.,* 162 Fed.Appx. 3 (D.C.Cir.2005), or before attorney's fees have been determined, *Holland v. Williams Mountain Coal Co.,* No. 04–7092, 2004 WL 2713122 (D.C.Cir. Nov. 23, 2004). Duma's notice of appeal, like the appeals in *Flynn* and *Holland,* was filed before the court had determined how much she actually owed the government. That fact is dispositive because "a finding of liability is not final until the court has specified the relief to be awarded." *Gilda Marx, Inc. v. Wildwood Exercise, Inc.,* 85 F.3d 675, 677 (D.C.Cir.1996).

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely

6

petition for rehearing. *See* Fed. R.App. P.
41(b); D.C.Cir. R. 41(a)(1).