Saima ASHRAF–HASSAN, Appellee

v.

EMBASSY OF FRANCE, IN THE UNITED STATES, Appellant.

No. 14–7075.

United States Court of Appeals, District of Columbia Circuit.

May 1, 2015.

4

Katherine Atkinson Dave, Valencia R. Rainey, Law Office of Gary M. Gilbert & Associates, P.C., Silver Spring, MD, Ari Micha Wilkenfeld, The Wilkenfeld Law Group, Washington, DC, for Appellee.

Pierre M–P Chone, Law Office of Pierre Chone, PLLC, Washington, DC, for Appellant.

Before: BROWN, KAVANAUGH and WILKINS, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel. The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the district court's order entered April 17, 2014 be affirmed for the reasons stated in this judgment. We decline to take pendent or collateral review of the district court's denial of Appellant's motions for summary judgment, to reopen discovery, or to admit statement.

Plaintiff–Appellee Saima Ashraf–Hassan, a French citizen and U.S. permanent resident, was employed by the Embassy of France in Washington, D.C. ("Embassy") for approximately five years. Appellee alleges her tenure at the Embassy was marked by pervasive harassment, in violation of Title VII, on the basis of her Pakistani race or national origin, Muslim religion, and pregnancy. She filed suit against the Embassy asserting that this workplace harassment created a hostile work environment. She also asserted claims of unlawful termination in violation of Title VII.

The district court dismissed Appellee's unlawful termination claims for failure to exhaust administrative remedies, leaving only her hostile work environment (harassment) claims. Pre-trial litigation proceeded, and the Embassy took an active role, including participating in discovery and filing a motion for summary judgment—

which the district court denied. On the eve of trial and after several years of participation in the litigation, the Embassy sought for the first time to dismiss the case by invoking sovereign immunity. The district court denied the motion finding immunity expressly waived by the choice of law provision in Appellee's employment contract and impliedly waived because the Embassy filed responsive pleadings that failed to assert sovereign immunity.[1] Even absent waiver the district court found the commercial activity exception, 28 U.S.C. § 1605(a)(2), to the Foreign Sovereign Immunity Act ("FSIA") applicable.

The Embassy appeals the district court's denial of its motion to dismiss for lack of subject matter jurisdiction. It further requests we take pendent appellate jurisdiction over the denial of the Embassy's motion for summary judgment and that, under collateral order doctrine, we review the denial of the Embassy's motions to reopen discovery and to admit statement. We find no error in the district court's denial of the Embassy's motion to dismiss and decline to take review of the Embassy's other motions.

■ We need not decide whether the Embassy waived sovereign immunity because the FSIA's commercial activity exception applies. *See* 28 U.S.C. § 1605(a)(2) (excepting from immunity cases "in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere...."). The Em-

bassy does not dispute that Appellee was employed in an administrative, non-civil servant capacity and was not involved in governmental decision-making. The course of Appellee's employment at the Embassy therefore constitutes a "commercial activity," *see El–Hadad v. United Arab Emirates,* 216 F.3d 29, 33 (D.C.Cir. 2000), and the exception applies so long as Appellee's claims are "based upon" such employment, *see generally Goodman Holdings v. Rafidain Bank,* 26 F.3d 1143, 1145 (D.C.Cir.1994) ("Although the Act contains no definition of the phrase 'based upon,' ... the phrase is read most naturally to mean those elements of a claim that, if proven, would entitle a plaintiff to relief under his theory of the case."). On this latter question, there is little doubt that Appellee's hostile work environment claims are necessarily premised on the course of her employment at the Embassy. *See Baloch v. Kempthorne,* 550 F.3d 1191, 1201 (D.C.Cir.2008) ("[A] plaintiff must show that h[er] *employer* subjected h[er] to discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.") (emphasis added).

The Embassy argues Appellee's claims are not premised on commercial activity because the district court dismissed Appellee's wrongful termination claims, which were directly based on her employment contract. *See* Brief for Petitioner–Appellant at 23–24, *Ashraf–Hassan v. Embassy of France,* No. 14–7075 (D.C. Cir. Dec. 1, 2014). The commercial activity in ques-

---

1. The Embassy's Answer "admit[ted] that this Court has jurisdiction over this matter." Answer at 4 ¶ 4, *Ashraf–Hassan v. Embassy of France,* No. 11–00805 (D.D.C. Apr. 30, 2012). Its Motion to Dismiss, filed on the same day as its Answer, likewise "conceded that [ ] immunity does not apply in this case since Plaintiff was hired in a purely administrative posi-

tion, was not a civil servant, and was not involved with governmental decisions," but purported to "reserve[ ] the right to raise [ ] immunity should it be necessary to protect the confidential character of" the Embassy's governmental activities. Motion to Dismiss at 1, *Ashraf–Hassan v. Embassy of France,* No. 11–00805 (D.D.C. Apr. 30, 2012).

tion, however, is not the contract per se (or claims directly derivative thereof), it is the course of Appellee's employment at the Embassy. Merely dismissing Appellee's wrongful termination claims does not render her claims of workplace harassment outside the scope of Appellee's course of employment. The Embassy raises a novel theory that Appellee's harassment claims are no longer "commercial" because—in the Embassy's view—no reasonable jury could find any Title VII harassment had occurred or that Appellee's harassers were "supervisors" for purposes of vicarious liability under Title VII. *Id.* The Embassy bases this contention on supposed inconsistencies or contradictions in Appellee's testimony. The Embassy's argument erroneously conflates the question of subject matter jurisdiction with an inquiry into the merits. A plaintiff need not be successful on the merits for a court to have jurisdiction under the commercial activity exception, and we do not resolve factual disputes relevant only to the merits on a motion to dismiss for lack of subject matter jurisdiction, *cf. Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 41 (D.C.Cir. 2000) ("The district court was required to resolve this factual dispute *material to its subject matter jurisdiction.*") (emphasis added).

■ We also decline the Embassy's invitation to take pendent jurisdiction over the denial of its summary judgment motion. This Court "entertain[s] pendent appeals only when substantial considerations of fairness or efficiency demand it. Such considerations may be presented, for example, when the nonappealable order is inextricably intertwined with the appealable order, or when review of the former is necessary to ensure meaningful review of the latter." *Gilda Marx, Inc. v. Wildwood Exercise, Inc.*, 85 F.3d 675, 679 (D.C.Cir. 1996).

While "[c]onsiderations of fairness or efficiency may [ ] justify the exercise of pendent appellate jurisdiction when the review will likely terminate the entire case," *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1027 (D.C.Cir. 1997), we find pendent review unwarranted in this case. Because we reject the Embassy's theory, which purports to transmute its motion to dismiss into an inquiry on the relative merits of Appellee's claims, we are unpersuaded by the contention that the question of subject matter jurisdiction raises "nearly identical questions" to those presented on summary judgment. Moreover, "the Supreme Court has repeatedly warned against 'pendent' appeals that substantially predominate over the independently appealable order; parties should not be encouraged to bring insignificant, but final, matters before this court as mere vehicles for pendent review of . . . orders that are not independently appealable." *Gilda Marx*, 85 F.3d at 679; *cf. Abney v. United States*, 431 U.S. 651, 663, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) ("Any other rule would encourage [ ] defendants to seek review of, or assert, frivolous . . . claims in order to bring more serious, but otherwise nonappealable questions to the attention of the courts of appeals prior to [final judgment].").

■ The Embassy's remaining motions are unsuitable for review under collateral order doctrine. "The requirements for collateral order appeal . . . [are] that an order [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349, 126 S.Ct. 952, 163 L.Ed.2d 836 (2006). The Embassy argues the district court's denial of its motions prevented the Embassy from showing that Appellee's "allegation[s]

may have been the result of a whole cloth fabrication," and "prevented the Embassy from showing that Ashraf's superior did not tell her that she and her children were dogs but simply that her children [we]re not invited to his house because his wife does not allow children and dogs into her house." Brief for Petitioner–Appellant at 37. The issues raised by the denial of both motions are not "completely separate from the merits of the action." *Will*, 546 U.S. at 349, 126 S.Ct. 952. Indeed, they appear to bear directly on the merits of Appellee's claims. The Embassy therefore does not satisfy the "stringent" conditions required for review under the collateral order doctrine. *Id.* at 349–50, 126 S.Ct. 952 ("[T]he 'narrow' exception should stay that way and never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R. APP. P. 41(B); D.C. CIR. RULE 41.