# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Submitted October 19, 2006     Decided November 14, 2006

No. 05-3140

UNITED STATES OF AMERICA,
APPELLEE

v.

WALE ADEWANI,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 03cr00066-01)

---

*Gregory B. English*, appointed by the court, was on the brief for appellant.

*Kenneth L. Wainstein*, U.S. Attorney at the time the brief was filed, and *Roy W. McLeese, III*, *Elizabeth Trosman*, and *Patricia A. Heffernan*, Assistant U.S. Attorneys, were on the brief for appellee.

Before: RANDOLPH, GARLAND, and GRIFFITH, *Circuit Judges*.

GARLAND, *Circuit Judge*:     Wale Adewani, who was convicted of unlawful possession of a firearm and ammunition

by a convicted felon, raises two issues on appeal. His first and principal contention is that the district court erred in treating his prior felony convictions for escape as "crime[s] of violence" under the United States Sentencing Guidelines. We have previously held that escape is a crime of violence within the meaning of the Guidelines, *United States v. Thomas*, 361 F.3d 653, 660 (D.C. Cir. 2004), *vacated on other grounds*, 543 U.S. 1111 (2005), and we reaffirm that holding here. Adewani's second contention is that there was insufficient evidence to sustain his conviction. We disagree and therefore affirm the judgment of the district court.[1]

I

In *United States v. Booker*, the Supreme Court held that the enhancement of a defendant's sentence pursuant to a set of mandatory sentencing guidelines, based on facts not submitted to the jury, violates the Sixth Amendment. 543 U.S. 220, 244 (2005); *see United States v. Mejia*, 448 F.3d 436, 452 (D.C. Cir. 2006). To remedy this constitutional defect, the Court severed the provisions of the Sentencing Reform Act that made the U.S. Sentencing Guidelines mandatory, thereby rendering them "effectively advisory." *Booker*, 543 U.S. at 245. Under the new sentencing regime, a sentencing court is required "to consider Guidelines ranges" applicable to the defendant, but is permitted "to tailor the sentence in light of other statutory concerns as well." *Id.* at 245-46; *see United States v. Coumaris*, 399 F.3d 343, 351 (D.C. Cir. 2005). Adewani's sentencing hearing was conducted post-*Booker*, and the district court appropriately employed the Guidelines in an advisory fashion. Adewani's only quarrel with his sentence is his contention that the court

---

[1]This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j).

incorrectly calculated his base offense level under the Guidelines.

The relevant guideline for the felon-in-possession statute that Adewani violated, 18 U.S.C. § 922(g)(1), provides that a defendant's base offense level is 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of . . . a crime of violence." U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(a)(2) (2002). For purposes of this guideline, the term "crime of violence" is defined in Guideline § 4B1.2(a). *See id.* § 2K2.1 cmt. n.5.[2] It is undisputed that Adewani had two prior felony convictions for escape from an institution in violation of the District of Columbia Code.

The district court determined that Adewani's prior escape convictions constituted crimes of violence within the meaning of § 4Bl.2(a)(2), and it therefore concluded that his base offense level was 24. The guidelines range for a defendant with that

---

[2]Section 4B1.2(a) states:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added).

offense level and Adewani's criminal history is 77 to 96 months. After departing downward from the guidelines range, the district court sentenced him to 71 months in prison. Contending that his escape convictions were for walking away from halfway houses, Adewani disputes their characterization as crimes of violence and argues that his base offense level and corresponding sentence should have been substantially lower.

In *Thomas*, we considered the consolidated appeals of three defendants, each of whom objected to the enhancement of his sentence based on the designation of a prior escape offense -- including escape from an institution under the D.C. Code -- as a "crime of violence" under § 4B1.2(a). We concluded that, "as a category," "the offense of escape is a crime of violence within the meaning of Guideline § 4B1.2(a)," regardless of the facts of the specific case. *Thomas*, 361 F.3d at 660. In so holding, we joined nine other circuits, all of which had reached the same conclusion. In Adewani's case, the district court followed *Thomas* in determining that Adewani's prior convictions were for crimes of violence.

Adewani contends that we are not bound by *Thomas* in light of that case's subsequent history. The three defendants in *Thomas* filed a petition for certiorari with the Supreme Court, objecting to their sentences both on the ground that the crime of escape does not constitute a crime of violence within the meaning of the Sentencing Guidelines, and on the same Sixth Amendment ground advanced by the defendants in *Booker*, which had not yet been decided by the Supreme Court. *See* Petition for Writ of Certiorari at 9-16, *Thomas v. United States*, 543 U.S. 1111 (2005) (No. 04-6811). After the Court issued its opinion in *Booker*, it granted certiorari in *Thomas*, vacated the judgment, and remanded the case to this court "for further consideration in light of *United States v. Booker*." *Thomas v. United States*, 543 U.S. 1111 (2005). Adewani contends that, as

a consequence, *Thomas* is "no longer controlling precedent" on the escape issue in this circuit. Appellant's Br. 11.

Even if the Supreme Court's vacatur had marked the end of the history of the *Thomas* case, we would still follow *Thomas'* holding that escape constitutes a crime of violence. When the Supreme Court vacates a judgment of this court without addressing the merits of a particular holding in the panel opinion, that holding "continue[s] to have precedential weight, and in the absence of contrary authority, we do not disturb" it. *Action Alliance of Senior Citizens of Greater Philadelphia v. Sullivan*, 930 F.2d 77, 83 (D.C. Cir. 1991); *see Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415, 424 n.17 (D.C. Cir. 1991). As the order vacating the judgment in *Thomas* remanded the case "for further consideration in light of" *Booker*, and as *Booker* did not address the escape issue, the Supreme Court's one-paragraph vacatur gives no cause for questioning our holding on that issue.

In the period since we released our opinion in *Thomas*, the remaining two circuits have weighed in on the escape issue. In *United States v. Winn*, 364 F.3d 7 (1st Cir. 2004), the First Circuit joined us in concluding that escape is a crime of violence, bringing the total number of circuits so holding to eleven. In *United States v. Piccolo*, 441 F.3d 1084 (9th Cir. 2006), the Ninth Circuit took the opposite position, making it the lone proponent of that view. The decision in *Piccolo* is not "contrary authority" within the meaning of *Action Alliance*, as Adewani contends. The Ninth Circuit's decisions do not bind us, and *Piccolo*'s principal rationales were previously rejected in *Thomas*.

In any event, the vacatur issued by the Supreme Court did not mark the end of the *Thomas* case. On remand to this court, one of the three defendants, Andrew Cook, withdrew his *Booker*

claim. Thereafter, we directed the reinstatement of our 2004 judgment (in the consolidated *Thomas* case) as to Cook, *see United States v. Thomas*, No. 02-3073 (D.C. Cir. May 11, 2005), and we expressly affirmed the district court's judgment as to Cook "in accordance with [our 2004 *Thomas*] opinion," *United States v. Cook*, 161 F. App'x 7 (D.C. Cir. May 10, 2005).[3] We thus reinstated *Thomas*' holding -- that the crime of escape is categorically a crime of violence within the meaning of the Sentencing Guidelines -- as the law of the case and of the circuit.[4] We follow that holding here and affirm the sentencing determination of Adewani's trial judge.

## II

Adewani's second contention, that there was insufficient evidence to support his conviction, is also unavailing. The evidence presented by the government showed, inter alia, the following: that approaching police officers observed Adewani

---

[3]On the same remand from the Supreme Court, another of the three defendants, Dale Smith, filed an unopposed motion to remand the case to the district court for resentencing. In response, we issued a judgment partially affirming the judgment of the district court, again "in accordance with the opinion" in *Thomas*, and remanded the case for resentencing. *United States v. Cook*, 161 F. App'x 7 (D.C. Cir. May 10, 2005). The third defendant, Lawrence Thomas, sought and was granted a remand of the record to the district court pursuant to our opinion in *United States v. Coles*, 403 F.3d 764 (D.C. Cir. 2005). *United States v. Thomas*, No. 02-3073 (D.C. Cir. May 11, 2005).

[4]After we reinstated our judgment against Cook, he filed a second petition for certiorari (joined in by defendant Dale Smith, *see supra* note 3), which again contested our holding that escape constitutes a crime of violence. *See* Petition for Writ of Certiorari, *Cook v. United States*, 126 S. Ct. 394 (2005) (No. 05-5677). The Supreme Court denied the writ. 126 S.Ct. 394 (2005).

slouching low in the driver's seat of a parked car, from which emanated the strong odor of marijuana; that in response to the officers' order to show his hands, Adewani raised his left hand but refused to raise his right; that after removing Adewani and two passengers from the car, the police discovered a loaded .38-caliber revolver protruding from the right side of the driver's floor mat, near the place where Adewani's right hand had been; and that the car's glove compartment contained numerous documents and photographs relating to Adewani. Considering this record evidence "in the light most favorable to the government," we find that a "rational trier of fact could have found" that Adewani constructively possessed the handgun and its complement of ammunition. *United States v. Alexander*, 331 F.3d 116, 127 (D.C. Cir. 2003) (internal quotation marks omitted); *see United States v. Clark*, 184 F.3d 858, 863-64 (D.C. Cir. 1999) (finding sufficient evidence of constructive possession of a handgun found beneath the rear of the defendant's car seat, where the defendant had been seen "reaching" near that location).

## III

For the foregoing reasons, the judgment of the district court is

*Affirmed*.