# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued December 1, 2006          Decided December 15, 2006

No. 05-3197

UNITED STATES OF AMERICA,
APPELLANT

v.

ANTHONY T. LEWIS,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 04cr00430-01)

———

*Elizabeth Trosman*, Assistant U.S. Attorney, argued the cause for appellant. With her on the briefs were *Kenneth L. Wainstein*, U.S. Attorney at the time the brief was filed, and *Roy W. McLeese, III*, Assistant U.S. Attorney. *Thomas J. Tourish, Jr.*, Assistant U.S. Attorney, entered an appearance.

*A. J. Kramer*, Federal Public Defender, argued the cause for appellee. With him on the brief was *Lisa B. Wright*, Assistant Federal Public Defender. *Jonathan S. Jeffress*, Assistant Federal Public Defender, entered an appearance.

Before: HENDERSON, RANDOLPH, and GARLAND, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: The United States appeals from the sentence imposed by the district court in the case of defendant Anthony T. Lewis. For the reasons set forth below, we vacate the sentence and remand the case for resentencing.

Lewis pled guilty in the United States District Court for the District of Columbia to one count of unlawful distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). According to the government's factual proffer, which the defendant agreed was accurate, Lewis made five sales -- totaling 187.7 grams of cocaine base ("crack") -- to an undercover police officer. The Presentence Investigation Report (PSR) prepared by the U.S. Probation Office determined that 187.7 grams of crack corresponded to a base offense level of 34 under the United States Sentencing Guidelines (U.S.S.G.). *See* U.S.S.G. § 2D1.1(c)(3) (2004). After adjusting three levels downward for Lewis' acceptance of responsibility, the PSR preliminarily set an offense level of 31.

The PSR also noted, however, that Lewis had several prior felony convictions, including, inter alia, attempted distribution of cocaine and escape from an institution (a halfway house). The PSR treated the distribution conviction as a "controlled substance offense" and the escape conviction as a "crime of violence," and thus classified Lewis as a career offender under the career offender guideline, U.S.S.G. § 4B1.1(a). Under that guideline, Lewis' base offense level was increased to 37, because the statutory maximum sentence for the offense to which he pled guilty, 21 U.S.C. § 841(b)(1)(A)(iii), is life. *See* U.S.S.G. § 4B1.1(b). After adjusting for acceptance of

responsibility, the PSR calculated Lewis' final offense level as 34. Using the career offender guideline, the PSR also fixed Lewis' criminal history category at VI. *See id*. § 4B1.1(b). The resulting sentencing range, for offense level 34 and criminal history category VI, was 262-327 months. *See id*. ch.5, Pt. A (sentencing table).

At sentencing, the district court rejected the PSR's calculations in two important respects. First, the court concluded that Lewis' prior conviction for escape from an institution was not a crime of violence within the meaning of the Guidelines. Although the district court acknowledged that this court had previously held otherwise in *United States v. Thomas*, 361 F.3d 653 (D.C. Cir. 2004), it noted that the Supreme Court later vacated *Thomas* on another ground, *see Thomas v. United States*, 543 U.S. 1111 (2005) (vacating and remanding the case "for consideration in light of *United States v. Booker*," 543 U.S. 220 (2005)). In light of that vacatur, the district court concluded that *Thomas* was no longer binding authority. Deciding the issue de novo, the court held that Lewis' escape was not a crime of violence, that his case therefore lacked a prerequisite for application of the career offender guideline, and that 37 was therefore not the appropriate base offense level.

The district court then went on to recalculate Lewis' offense level. Stating that, under *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are now advisory rather than mandatory and that courts need only consider them along with the other factors articulated in 18 U.S.C. § 3553(a), the district court declined to employ the guideline applicable to 187.7 grams of crack. Relying primarily upon a 2002 report to Congress issued by the United States Sentencing Commission, *see generally* United States Sentencing Commission, Report to the Congress: Cocaine and Federal Sentencing Policy (May 2002), the court found inappropriate the Sentencing Guidelines' 100-to-

1 drug quantity ratio for offenses involving powder as compared to those involving crack cocaine, and instead applied a 20-to-1 ratio.[1]  *See* Sentencing Tr. 24 ("I think that the sentence that one gets to in many crack cases, and certainly in this one, meets all of those purposes [in 18 U.S.C. § 3553(a)] if one uses the 20-to-1 ratio rather than the 100-to-1 ratio.").  This yielded a base offense level of 30 under the Guidelines' drug quantity table, U.S.S.G. § 2D1.1(c)(5).  After a three point downward adjustment for Lewis' acceptance of responsibility, the district court fixed Lewis' final offense level at 27.  In light of his record of prior convictions, Lewis' criminal history category remained at VI, even without application of the career offender guideline.  The resulting sentencing range was 130-162 months, *see* U.S.S.G. ch.5, Pt. A, and the court imposed a sentence of 162 months.

The government now appeals both the district court's holding that escape does not constitute a crime of violence within the meaning of the career offender guideline, and its adoption of a 20-to-1 rather than 100-to-1 powder/crack ratio. The first issue is resolved by our recent decision in *United States v. Adewani*, which held that *Thomas* remains the law of this circuit, and hence that escape from an institution is a crime of violence under the Sentencing Guidelines. 467 F.3d 1340, 1343

---

[1]Under the Guidelines' drug quantity table, a crime involving at least 150 but less than 500 grams of cocaine base corresponds to an offense level of 34.  The same level applies to a crime involving at least 15 but less than 50 kilograms of powder cocaine, reflecting the Guidelines' 100-to-1 powder/crack ratio. *See* U.S.S.G. § 2D1.1(c)(3). This ratio is constant throughout the drug quantity table. *See id.* § 2D1.1(c).  Employing a 20-to-1 ratio instead, the district court "converted" Lewis' 187.7 grams of crack into 3.75 kilograms of powder cocaine, which corresponds to an offense level of 30. *See id.* § 2D1.1(c)(5).

(D.C. Cir. 2006). The defendant does not dispute that *Adewani* disposes of the crime-of-violence issue on this appeal. Accordingly, we conclude that the district court erred in holding that Lewis was not a career offender under U.S.S.G. § 4B1.1.

Moreover, as both parties agreed at oral argument, the conclusion that the district court erred regarding the applicability of the career offender guideline effectively moots the second issue raised on appeal. As far as is relevant here, Lewis' status as a career offender under the Guidelines rests solely on the nature of his prior offenses and on the *statutory* maximum sentence for the offense to which he pled guilty. *See* U.S.S.G. § 4B1.1. It does not depend at all on the *Guidelines'* 100-to-1 powder/crack ratio.

Lewis' base offense level under § 4B1.1 is 37. Guideline § 4B1.1(b) provides that the offense level under that guideline governs if it is higher than the otherwise applicable offense level. Because 37 is in fact higher than Lewis' offense level under the otherwise applicable drug quantity table -- regardless of whether the court utilizes a 100-to-1 or 20-to-1 ratio, *see id.* § 2D1.1(c)(3), (5) -- the powder/crack ratio has no bearing on the calculation of Lewis' guidelines range. Accordingly, we have no occasion on this appeal to consider the propriety of the district court's application of the latter ratio. *See, e.g., Gilda Marx, Inc. v. Wildwood Exercise, Inc.*, 85 F.3d 675, 679 (D.C. Cir. 1996) ("Not only judicial economy but the prohibition on advisory opinions counsel against reaching an issue that might be mooted or altered by subsequent district court proceedings.").

The district court's calculation of Lewis' sentence was premised on its holding that Lewis' prior conviction for escape did not constitute a crime of violence under the career offender provision of the Sentencing Guidelines. Because that holding

was error, we vacate the sentence and remand the case for resentencing.

*So ordered.*