# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1814

_____

| | |
|---|---|
| Katie J. Felder, as trustee for the next of kin of Dominic Aries Felder, <br><br> Appellee, <br><br> v. <br><br> Jason King; Lawrence Loonsfoot; City of Minneapolis, <br><br> Appellants. | * <br> * <br> * <br> * <br> *   Appeal from the United States <br> *   District Court for the <br> *   District of Minnesota. <br> * <br> * <br> * <br> * |

_____

Submitted: February 11, 2010
Filed: March 25, 2010

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Katie J. Felder sued two police officers and the City of Minneapolis under 42 U.S.C. § 1983 and state law. The district court[1] granted summary judgment to the City, but denied qualified immunity to the officers. The officers appeal. This court dismisses for lack of jurisdiction.

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

# I.

Dominic Aries Felder lived with his girlfriend, Tiana Monique Wilson, and their daughter. At about 11:30 p.m. on September 20, 2006, officers Jason Wayne King and Lawrence Patrick Loonsfoot were dispatched to deal with a domestic disturbance. Dispatch told the officers that Dominic Felder was in front of his house, "threatening to kill a resident and her son." He was described as a "black male, 27, 5 foot, medium build, brown shirt, blue jeans."

When the officers arrived, Felder approached and said, "I need to talk to you guys." Officer Loonsfoot asked to pat him for weapons. Felder responded, "I ain't got nothing," lifted his shirt, and moved his hand around his waist. He turned and jogged slowly away from the officers.

Wilson and her mother approached the officers from the house and talked with them briefly. The women said Felder did not have a gun. The officers got back into their squad car and drove slowly after Felder, with Wilson and her mother following on foot. Felder stopped jogging and walked back toward the squad car. The officers got out.

The events of the next 15 seconds are disputed. The officers' description follows. Officer King drew his gun, ordered Felder to the ground, and knelt on Felder's back to cuff him. An "incredibly strong" Felder forced his way back to his feet and reached for his waistband. Officer King twice struck him on the head with his gun without fazing him. After both officers wrestled him back to the ground, Felder fought into a sitting position, grabbed the barrel of Officer King's gun with both hands, and pulled it toward himself. Officer King fired, shooting Felder, who kept struggling for the gun. Officer King yelled, "He's got my gun!" Officer Loonsfoot – who had rolled away after the initial shot and now stood behind Officer King – fired six shots, killing Felder. Another officer, arriving to assist, states she saw

Officer King on the ground struggling with Felder, and Officer Loonsfoot firing his gun repeatedly.

Wilson and her mother, watching from across the street, tell a different story. Wilson said she saw the officers holding Felder up by his arms (one holding each arm, his feet 6 to 10 inches off the ground). Felder begged to be let go. She then heard one officer say "get down on the ground." She lost sight of Felder and heard shots.

Katie J. Felder, as trustee for the next of kin of Dominic, sued officers King and Loonsfoot, alleging excessive force under § 1983, and state law assault and battery.

The trustee contends that medical and forensic evidence contradicts the officers' account. One expert witness concludes from an autopsy report that Officer King's shot entered Felder's groin, and thus he "must have been lying on his back or his stomach when this shot was fired." This expert also says that four of the six shots fired by Officer Loonsfoot entered Felder from behind. The officers' own expert concludes that five of the seven "gunshot wounds are inconsistent with Officers King and Loonsfoot's description of Mr. Felder remaining in a sitting position until after Officer Loonsfoot's sixth shot was fired."

The trustee's ballistics expert observes that "the relative lack of gunshot residues on [Felder's] clothing brings into question just how close the officers were to the victim during [the] shooting event." He also notes that the trajectories of two of Officer Loonsfoot's shots suggest Felder was in a defensive posture.

Forensic handwipings revealed gunshot residue (only) on Felder's left hand. The trustee stresses that this evidence is inconsistent with Officer King's statement that Felder gripped the gun with both hands.

Felder's DNA was found on the front sight, equipment rail, and possibly trigger guard of Officer King's weapon. The trustee observes it was not found on the butt of the gun, as would be expected if Officer King struck Felder on the head with it.

The officers moved for summary judgment, claiming qualified immunity on the § 1983 claim and official immunity on the state law claims. The district court denied their motion, concluding the "case presents a clear jury question: if the jury credits plaintiff's evidence, it could conclude the Officers' use of force was objectively unreasonable." The officers appeal.

## II.

This court has jurisdiction of "an interlocutory appeal of an order denying qualified immunity to the extent the appeal seeks review of 'purely legal determinations made by the district court.'" *Sherbrooke v. City of Pelican Rapids*, 513 F.3d 809, 813 (8th Cir. 2008), *quoting* **Wilson v. Lawrence County, Mo.**, 260 F.3d 946, 951 (8th Cir. 2001). *See also* **Vaughn v. Gray**, 557 F.3d 904, 907-08 (8th Cir. 2009) ("Such review is limited to issues of law, and [this court] will not review the merits of the case or the sufficiency of the evidence.") (internal quotations omitted). This court does not have jurisdiction to decide "which facts a party may, or may not, be able to prove at trial." *Johnson v. Jones*, 515 U.S. 304, 313 (1995). "[D]eterminations of evidentiary sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a qualified-immunity case . . . ." **Behrens v. Pelletier**, 516 U.S. 299, 313 (1996), *citing* **Johnson**, 515 U.S. at 313-18. "Even if a defendant frames an issue in terms of qualified immunity, [this court] should determine whether he is simply arguing that the plaintiff offered insufficient evidence to create a material issue of fact." *White v. McKinley*, 519 F.3d 806, 813 (8th Cir. 2008).

-4-

Officers King and Loonsfoot assert they are entitled to qualified immunity on the § 1983 claim (and official immunity on the state law claims) because they believed Felder posed a threat of death or serious injury, based on the struggle in "the critical time immediately preceding the shooting." *See **Ribbey v. Cox***, 222 F.3d 1040, 1042 (8th Cir. 2000). Significantly, the officers do not make a legal argument that, taking the evidence most favorably to the trustee, their conduct at the "critical time" was objectively reasonable. Instead, they insist that their account of the "critical time" controls. *See **White***, 519 F.3d at 812-13 ("This court does not have jurisdiction to consider an interlocutory summary-judgment qualified-immunity appeal if at the heart of the argument is a dispute of fact.") (internal quotations omitted). The officers fail to raise *any* purely legal questions for review.

The officers assert that "no evidence" contradicts their "explanation for why they employed deadly force." But Wilson and her mother describe the officers holding the pleading Felder in the air, and expert witnesses conclude that the officers' account of the struggle is impossible. The officers maintain this evidence is insufficient to create a material issue of fact. *See **White***, 519 F.3d at 813. "[T]his is the type of fact-based qualified immunity decision that is not appropriate for interlocutory appeal." ***Woolfolk v. Smith***, 81 F.3d 741, 743 (8th Cir. 1996).

III.

The appeal is dismissed for lack of jurisdiction, and the case remanded for further proceedings.

_____