# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2077
_____

Zachary Lee Church

*Plaintiff - Appellant*

v.

Bob Anderson, Individually and in his Official Capacity as a Police Officer for the
Cedar Falls Police Department

*Defendant - Appellee*

Cedar Falls, Iowa; Jeff Olson

*Defendant*s
_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge
_____

Submitted: June 14, 2018
Filed: August 3, 2018
_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Zachary Church appeals the district court's[1] adverse grant of summary judgment on his claims under 42 U.S.C. § 1983 and state law. The district court concluded that Officer Bob Anderson is entitled to qualified immunity because his actions were objectively reasonable under the circumstances. We affirm.

In the early hours of December 25, 2013, Anderson, an officer with the Cedar Falls Police Department, noticed a vehicle parked with its engine running. Anderson found Church in the driver's seat and detected odors of alcohol and burnt marijuana. After frisking Church and finding no weapons, Anderson escorted him toward his patrol car, intending to take him to the police station to conduct field sobriety tests in a controlled environment. According to Anderson, however, Church suddenly hit him with a roundhouse punch to the left side of his head, knocking him to his knees. Church continued to hit Anderson, who radioed for backup. In later deposition testimony, Anderson stated that he felt a tug on his duty belt, where he kept his service weapon, and that he was exhausted and lightheaded. Fearing for his life, Anderson warned Church that he would shoot him if he did not stop. As Church continued the assault, Anderson fired a shot, hitting Church in the lower left abdomen. The shot backed Church up, but he started moving toward Anderson again. Anderson then fired two more shots, hitting Church in the front left shoulder and in the back right shoulder area. The first shot was fired from a distance of approximately eighteen to twenty-four inches, while the other two shots were fired from a distance of at least four feet.

Church survived the shooting but has no recollection of the incident. Anderson's patrol car was equipped with an audio-video recording system, which could be activated by his body microphone. But the events took place outside the range of the camera, and Anderson did not activate the audio. Thus, Anderson has

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

-2-

provided the only account of what happened. Church was charged in a criminal proceeding with assault on a peace officer with intent to inflict serious injury; the jury convicted him of the lesser-included offense of assault on a peace officer.

In this civil action, the district court granted Anderson summary judgment, finding that he was entitled to qualified immunity because his use of deadly force was justified under the circumstances. *Church v. Anderson*, 249 F. Supp. 3d 963, 977-79 (N.D. Iowa 2017). In reaching this conclusion, the district court relied on Church's criminal conviction for assaulting Anderson and on Anderson's testimony. *Id.* at 977-79 & n.8. As the court explained, "Anderson's testimony concerning Church's assault on him, and Anderson's response, are uncontroverted. . . . Because Church has no memory of the events, Anderson is the only witness to the shooting and his account, therefore, stands unrebutted by definition." *Id.* at 977 n.8.

We review *de novo* a decision granting summary judgment on the basis of qualified immunity. *Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 791 (8th Cir. 2013). To overcome Anderson's claim of qualified immunity, Church bears the burden of showing that the facts alleged, construed in the light most favorable to Church, demonstrate the violation of a constitutional right that was clearly established at the time of the violation. *See Gilmore v. City of Minneapolis*, 837 F.3d 827, 832 (8th Cir. 2016). "To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, the test is whether the amount of force used was objectively reasonable under the particular circumstances." *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009). A right is clearly established if "every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam).

On appeal, Church's main argument is that we should create an evidentiary presumption at the summary judgment stage against an officer who fails to use audio or video recording equipment that he has been issued. He argues that Anderson

should not benefit from Church's inability to remember the incident given that Anderson failed to activate his recording equipment. The proposed presumption would permit the court to infer from the lack of audio evidence that Anderson's use of force was excessive, allowing the claims to proceed to trial. While we recognize that cases involving the use of force in which only one side can tell its story present "a unique evidentiary problem," we decline to adopt such a radical solution. *See Ludwig v. Anderson*, 54 F.3d 465, 470 n.3 (8th Cir. 1995). Church admits that he knows of no court anywhere that has recognized such a presumption. Moreover, we must follow circuit precedent, *Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011), which places the burden of showing the violation of a clearly established right on Church, *see Gilmore*, 837 F.3d at 832.

Church also claims that the physical evidence concerning the shooting and "[d]iscrepancies and variations" in Anderson's testimony are sufficient to bring his claims to trial even without the proposed evidentiary presumption. *See Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). In particular, he points to Anderson's lack of physical injuries consistent with a violent assault, his knowledge that Church was unarmed, and his failure to use less violent means to subdue Church, as well as the jury's acquittal of Church on the more serious charge of assault with intent to inflict serious bodily injury. Church also highlights Anderson's inability to provide specifics regarding the tug he felt on his duty belt, and he emphasizes that Anderson, having failed to renew his warning after the first shot, fired a shot that hit him in the back.

According to the Supreme Court, "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). The Court provided factors to evaluate a constitutional excessive force claim, including the severity of the suspect's

crime, whether the suspect was threatening the officers or others, and whether he was "actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. Even when we construe the record in Church's favor, Anderson's use of force was objectively reasonable under two of these three factors: he posed an immediate threat to Anderson's safety and was actively resisting arrest.

Though Church was acquitted of the more serious charge, it is undisputed that he assaulted Anderson, who did have injuries consistent with such an assault, even if those injuries were limited. Weighing approximately 268 pounds, Church was far larger than Anderson, who weighed approximately 190 pounds. Anderson testified that he feared that he might lose consciousness and that Church could potentially access his service weapon and kill him. Given the size difference between the two men, Anderson's concerns about his safety, and the "tense, uncertain, and rapidly evolving" situation, *see Graham*, 490 U.S. at 397, it was reasonable for him to use deadly force to defend himself, *see Aipperspach v. McInerney*, 766 F.3d 803, 806 (8th Cir. 2014). As for the availability of less lethal force, Anderson testified that he could not reach his taser or pepper spray—which were on the opposite side of his duty belt from his service weapon—due to Church's repeated punches. But even if we assume that Anderson could have used these alternatives, an officer need not "pursue the most prudent course of conduct as judged by 20/20 hindsight vision." *See Retz v. Seaton*, 741 F.3d 913, 918 (8th Cir. 2014). And because deadly force was justified, Anderson was not required to warn Church before each shot and was permitted to use force until the threat had ended. *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2022 (2014).

While one shot did apparently enter Church's right shoulder area from the rear, this case bears little similarity to those in which "an unarmed man was shot in the back of the head," *Gardner v. Buerger*, 82 F.3d 248, 254 (8th Cir. 1996), or four of six shots entered the suspect from behind, *Felder v. King*, 599 F.3d 846, 848 (8th Cir. 2010). Anderson testified that he fired the second and third shots in rapid succession.

The mere possibility that a shot hit Church as he withdrew is not enough to defeat qualified immunity if "the record taken as a whole could not lead a rational trier of fact to find for" Church. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). There is no dispute that the second and third shots were fired together and that one shot hit Church from the front. "This would be a different case if [Anderson] had initiated a second round of shots after an initial round had clearly incapacitated [Church] and had ended any threat of continued flight, or if [Church] had clearly given himself up. But that is not what happened." *See Plumhoff*, 134 S. Ct. at 2022. Because Anderson's "unrefuted version of these events establishes that his use of force was constitutionally reasonable, we must affirm." *See Wertish v. Krueger*, 433 F.3d 1062, 1065 (8th Cir. 2006).

Finally, because Anderson's actions were objectively reasonable, Church cannot prevail on his related state-law claims for negligence and assault and battery. *See* Iowa Code § 804.8; *Johnson v. Civil Serv. Comm'n of the City of Clinton*, 352 N.W.2d 252, 257 (Iowa 1984) ("When making an arrest, a peace officer is justified in using that amount of force which he reasonably believes is necessary to effect arrest. Consequently, an assault only occurs if the peace officer does not reasonably believe the particular force was necessary in the circumstances." (citation omitted)); *Chelf v. Civil Serv. Comm'n of the City of Davenport*, 515 N.W.2d 353, 355 (Iowa Ct. App. 1994) (explaining that § 804.8 sets forth an objective reasonableness standard like that used in analyzing excessive-force claims under the Fourth Amendment).

Accordingly, the judgment is affirmed.

_____